FILED & ENTERED

JAN 10 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: ) | Case No. 2:10-bk-64548-PC |
| ) | |
| SUZANNE FRANK GERBASI, ) | Chapter 11 |
| ) | |
| ) | Date: February 16, 2011 |
| ) | Time: 9:30 a.m. |
| ) | Place: U.S. Bankruptcy Court |
| ) |    Courtroom # 1539 |
| Debtor. ) |    255 East Temple Street |
| ) |    Los Angeles, CA  90012 |

**ORDER TO (1) DISCLOSE SINGLE ASSET REAL ESTATE; (2) FILE STATUS REPORT; (3) ATTEND PRELIMINARY STATUS CONFERENCE; AND (4) FILE MONTHLY INTERIM STATEMENTS AND OPERATING REPORTS**

A. **DEADLINES.**

Debtor[1] must:

1.  Serve of a copy of this order on each person or entity identified in subsection D(1) of this order and file proof of service with the court not later than **January 13, 2011.**

2.  Declare whether the debtor holds, owns, or possesses any legal or equitable interest in single asset real estate (*see* 11 U.S.C. §§ 362(d)(3) & 101(51B)) not later than **January 20, 2011.**

3.  File and serve a preliminary status report not later than **February 2, 2011.**

B.     **PRELIMINARY STATUS CONFERENCE.**

A preliminary status conference is set for **9:30 a.m. on February 16, 2011,** in the United States Bankruptcy Court, Courtroom # 1539, Roybal Federal Building & Courthouse, 255 East Temple Street, Los Angeles, CA 90012.

---

[1] The term "debtor," as used in this order, means the debtor in possession, or debtors in possession, as the case may be, in the above entitled and numbered bankruptcy case.

1

**C.    DEBTOR'S DECLARATION CONCERNING SINGLE ASSET REAL ESTATE**

The debtor must file a declaration stating whether the debtor has any legal or equitable interest in "single asset real estate," as defined in 11 U.S.C. § 101(51B), by the date set forth above.

A party in interest may contest the debtor's claim that it does or does not own "single asset real estate" by motion set for hearing in accordance with applicable Federal Rules of Bankruptcy Procedure and LBR 9013-1. Any response, as well as any reply, must be in served and filed in accordance with LBR 9013-1. However, any motion contesting the debtor's declaration regarding single asset real estate must be set for hearing by the objecting party not later than 90 days after the date of the petition.

**D.    CHAPTER 11 PRELIMINARY STATUS REPORT.**

1. **Service of this Order.** The debtor must serve this order by the date stated above upon the following persons: (a) the United States trustee; (b) the holders of the 20 largest unsecured claims, excluding insiders; (c) all general partners, limited partners, or shareholders of the debtor; (d) all holders of secured claims; (e) all parties to executory contracts and unexpired leases; and (f) all parties that request special notice. If any of the foregoing persons or entities are represented by an attorney known to the debtor, the attorney must also be served with this order.

2. **Service of the Preliminary Status Report**. The debtor must, by the date set forth above, file a preliminary status report and serve it on the same persons and entities served with this order and file proof of service with the court.

3. **Contents of Preliminary Status Report.** The preliminary status report must contain an overview of the case, including the following matters, under the following headings, and in the following order:

    a.    **History of the Debtor.** The event(s) that caused the debtor to file the petition;

    b.    **Type of Plan.** Whether the plan will be one of liquidation or reorganization;

    c.    **Cramdown.** Whether the debtor intends to confirm the plan under 11 U.S.C. § 1129(a)(8) or 11 U.S.C. § 1129(b);

    d.    **Valuation of Assets.** Whether the debtor anticipates any litigation concerning the valuation of assets;

    e.    **Cash Collateral and Adequate Protection.** Whether the debtor anticipates any motions concerning cash collateral and adequate protection issues;

    f.    **Adversary Proceedings**. Whether the debtor anticipates filing any adversary proceedings that will be necessary to confirm or implement a plan. The debtor must include a general description of the underlying facts that will give rise to the

proceedings as well as the bankruptcy code sections under which the proceedings will be filed and who the anticipated parties will be;

g. **Environmental Issues.** Whether the estate includes any property that could potentially give rise to claims or litigation based upon federal or state environmental laws;

h. **Objections to Claims.** Whether the debtor will object to any claims, the number of objections that will be filed, and the aggregate amount of the disputed claims;

i. **Post-Confirmation Sale of Assets.** Whether the plan will include the post-confirmation sale of any assets that will require the involvement of the court;

j. **Anticipated Professional Fees**. Listed by profession, name, and expected amount of compensation;

k. **Small Business Case.** Whether the debtor is a "small business debtor" requiring treatment as a "small business case." *See* 11 U.S.C. §§ 101(51C) & (51D), 1102(a)(3), 1121(e), 1125(f) & 1129(e). If so, whether the debtor has complied, and continues to comply, with all of the duties under 11 U.S.C. § 1116 in addition to the duties required of a chapter 11 debtor in possession; and

l. **Requirements of Chapter 11 Debtor in Possession.** Whether the debtor has complied, and continues to comply, with all of its duties under 11 U.S.C. §§ 521, 1106 and 1107, and the requirements of LBR 2015-2(a) & (b).

4. **Purpose of Preliminary Status Report.** The court expects to receive sufficient information to understand the financial problems which precipitated the filing of the petition, the debtor's anticipated plan of reorganization, and the types of contested matters and adversary proceedings that will likely be filed. With this information the court may set the deadlines described below and determine if it will give preliminary approval of a disclosure statement without a hearing and give final approval of the disclosure statement at the hearing to confirm the plan. In appropriate circumstances, the court may also permit the plan and disclosure statement to be combined into one document. Filing a preliminary status report with perfunctory conclusions and no meaningful factual detail does not comply with this order.

5. **Sanctions for Failure to Comply.** Failure to comply with this order may result in sanctions including dismissal, conversion, or the appointment of a trustee.

E. **CHAPTER 11 PRELIMINARY STATUS CONFERENCE.**

1. **Appearance Mandatory.** The debtor and debtor's counsel are ORDERED to appear *personally* at the preliminary status conference.

2. **Matters To Be Addressed.** At the preliminary status conference, the court may enter orders and set deadlines as follows:

3

    a.    **Combined Plan and Disclosure Statement.**  If appropriate, the court may permit the debtor to combine the plan and disclosure statement into one document.  In such a case, the court will preliminarily approve the disclosures contained in the combined document.  After preliminary approval, the combined document may be served and set for a hearing to consider final approval of the disclosures and confirmation of the plan.

    b.    **Preliminary Approval of Disclosure Statement.**  If the court does not permit the plan and disclosure statement to be combined into one document, it may permit the debtor to obtain preliminary approval of a separate disclosure statement without a hearing.  In such instances, after preliminary approval, the disclosure statement and plan may be served and set for a hearing to consider final approval of the disclosure statement and confirmation of the plan.

    c.    **Date for Filing of the Plan and Disclosure Statement.**  The court may set a deadline for the debtor's filing of a proposed disclosure statement and plan.  The court anticipates that these documents will be filed in most cases within 90 days after the preliminary status conference.

    d.    **Date of Hearing on the Disclosure Statement.**  If the court will not preliminarily approve the disclosure statement, it may set a deadline for a hearing to consider approval of the disclosure statement.

    e.    **Date of Hearing to Confirm the Plan.**  A deadline may be set for confirmation of the plan and, if the court will preliminarily approve the disclosure statement, for final approval of the disclosure statement.

    f.    **Executory Contracts.**  The court may set a deadline for the debtor to accept or reject executory contracts and unexpired leases.

    g.    **Deadline to File Proofs of Claim.**  The court may set a deadline by which proofs of claim are to be filed with the court.

3. **Telephonic Appearances.**  A party in interest *other* than the debtor and the debtor's counsel may appear by telephone provided that the necessary arrangements for a telephonic appearance are made prior to the status conference.  Telephonic appearances are optional.

4. **Motions to Dismiss, Convert, etc., at the Preliminary Status Conference.**

At the status conference or any continuation thereof, the court may *sua sponte* order that the case be converted to another chapter or dismissed, or that a chapter 11 trustee be appointed.

Any party may request at the preliminary status conference, or any continuation thereof, that the case be converted to another chapter or dismissed, or that a chapter 11 trustee be appointed, provided that a motion requesting such relief is filed and served on persons or entities

entitled to notice at least ten (10) days prior to the preliminary status conference. Opposition may be presented orally at the preliminary status conference.

F.     **MONTHLY OPERATING REPORTS AND INTERIM STATEMENTS.**

Debtor is ORDERED to file with the court a copy of each monthly interim statement and operating report submitted to the United States trustee from the date of the petition until the date a plan is confirmed or the case is converted to another chapter or dismissed. Each such monthly interim statement and operating report must be filed on the date such document is submitted to the United States trustee, but not later than the 15th day of the month following expiration of the month which is the subject of the statement or report, in accordance with LBR 2015-2(c).

###

DATED: January 10, 2011

United States Bankruptcy Judge

5

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  ORDER TO DISCLOSE SINGLE ASSET REAL ESTATE; (2) FILE STATUS REPORT; (3) ATTEND PRELIMINARY STATUS CONFERENCE; AND (4) FILE MONTHLY INTERIM STATEMENTS AND OPERATING REPORTS  was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of  1/6/11  , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Russell Clementson    russell.clementson@usdoj.gov
- M Jonathan Hayes    jhayes@polarisnet.net
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page