BARRY R. GORE, ESQ. SBN 143278
CHRISTINE M. FITZGERALD, ESQ. SBN 259014
SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
A Professional Law Corporation
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone: (310) 542-0111
Facsimile: (310) 214-7254

Bankruptcy Counsel to Creditor Bay Area Financial Corporation

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SUZANNE FRANK GERBASI,<br><br>          Debtor and Debtor in Possession. | Case No. 2:10-bk-64548-PC<br><br>Chapter 11<br><br>**MOTION FOR APPROVAL OF STIPULATION REGARDING CASH COLLATERAL AND ADEQUATE PROTECTION**<br><br>Date: March 16, 2011<br>Time: 9:30 a.m.<br>Place: 1539 |

**TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Peter H. Carroll, United State Bankruptcy Judge, in Courtroom 1539 of the above entitled court located at 255 E. Temple Street, Los Angeles, CA 90012, on Wednesday March 9, 2011 at 9:30 a.m. to consider Bay Area Financial Corporation's ("BAFC") Motion for Approval of Stipulation Regarding Cash Collateral and Adequate Protection (the "Motion"). A true and correct copy of

the fully executed Stipulation Regarding Cash Collateral and Adequate Protection (the

"Stipulation") is attached hereto as **Exhibit "A"** and is incorporated herein by this reference.

The Motion is brought pursuant to 11 U.S.C. §§ 105, 361, and 363, and will be based

upon this Notice of Motion and Motion, the Memorandum of Points and Authorities attached

hereto, the Declaration of Vincent J. Lombardo filed concurrently herewith, all of the papers

and records on file, all matters of which this court may properly take judicial notice, and such

other evidentiary mattes as may be presented to the Court regarding this Motion.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires

that a written response to be filed and served upon the attorneys for the Debtor at the address set

forth in the upper left-hand corner of the first page hereof, and all other interested parties, not

later than 14 days prior to the hearing date. The failure to timely file and serve a written

opposition may be deemed by the Court to be consent to the granting of the relief requested in

the Motion.

**WHEREFORE**, respectfully requests that this Court grant the Motion and enter an

Order approving the Stipulation and grant such other order and further relief as the Court deems

just and proper.

Dated: February ___ 2011          SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
                                  A Professional Law Corporation

                                  By: *Christine M. Fitzgerald*
                                      Christine M. Fitzgerald
                                      Counsel to Bay Area Financial Corporation

Notice of Motion and Motion to Approve Stipulation Regarding Cash Collateral and Adequate Protection

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The Debtor and BAFC have entered into the Stipulation, subject to Court approval, pursuant to which the Debtor will pay monthly interest owed to the secured creditors that hold the first and second deeds of trust on certain real property of the Debtor. Those creditors received assignments of the rents on that property prior to the filing of the Debtor's petition. If the Debtor fails to make those payments and fails to timely cure any defaults in these payments, then BAFC will be able to obtain relief from the automatic stay by filing a declaration with the Court and obtaining an order of the Court, as provided in the Stipulation. By the Motion, BAFC seeks approval of the Stipulation.

### II.

### STATEMENT OF FACTS

On December 22, 2010 (the "Petition Date"), the Chapter 11 Debtor and Debtor in Possession, Suzanne Frank Gerbasi, ("Frank" or "Debtor"), filed her voluntary petition under chapter 11 of Title 11 of the United State Code.

The Debtor's bankruptcy schedules reflect that her bankruptcy estate includes real property commonly known as 1422 Abbott Kinney Blvd., Venice, California 90291 (the "Property"), and there are three deeds of trust against the Property in favor of the following parties in the following order of priority: (1) Zions Bank; (2) BAFC; and (3) James M. Landon. As of the Petition Date and continuing to date, the Debtor had not repaid these debts to these creditors. Attached as **Exhibit "B"** is a true and correct copy of the pertinent pages of those schedules.

Prior to the Petition Date, the Debtor defaulted under the Debtor's note to BAFC, and the note became due and payable in full.

The Debtor through counsel represented to BAFC that (1) prior to the Petition Date and continuing to date, Abbott Kinney Real Estate, Inc., which is wholly owned by the Debtor, leased the Property from the Debtor for the amount of the mortgages secured by the Property (which are held by Zions Bank and BAFC), taxes and insurance, which is currently $7,522.99 per month; (2) Zions Bank received an assignment of rents from the Property; and (3) James M. Landon did not receive an assignment of rents and has no rights to cash collateral, including the rents from the Property.  Since the Petition Date, those rents are agreed to be cash collateral. The Debtor in her schedules states that the value of the Property is $1,600,000.00.

Prior to the Petition Date, BAFC received an assignment of rents from the Property. Attached hereto as **Exhibit "C"** is a true and correct copy of the "Deed of Trust and Assignment of Rents and Request for Special Notice" entered into by the Debtor and BAFC.

BAFC and the Debtor negotiated and entered into the Stipulation, pursuant to which Zions Bank and BAFC will receive monthly payments from the Debtor from cash collateral. The monthly payments are the monthly interest payable to these creditors.  The monthly payment to Zions Bank is $6,122.00, and the monthly payment to BAFC is $4,400.00 pursuant to the Stipulation.

The Stipulation also provides that BAFC can seek relief from the automatic stay if the Debtor fails to timely cure any default in making the payments to BAFC or Zions Bank as required by the Stipulation.  The Stipulation is not intended to, and shall not, affect BAFC's rights (a) to seek additional or different adequate protection of its interests, including but not limited to seeking relief from the automatic stay at any time; (b) to object to any Disclosure Statement and/or Plan, if filed, or any other pleading filed in this case; (c) to assert that BAFC is not adequately protected on any basis; or (d) to take any other action in the Debtor's case. Nothing in the Stipulation or herein shall be deemed or construed to revise or change the terms of the loans from BAFC to the Debtor or to constitute consent of BAFC to any action or inaction by the Debtor or delay in the repayment of BAFC's loan to the Debtor in full for any

1  reason, and with Court approval, the parties may alter or revise the Stipulation from time to time

2  as they deem appropriate. Additional terms are set forth in the Stipulation (See **Exhibit "A"**).

### III.

### DEBTOR SHOULD BE ALLOWED TO ENTER THE STIPULATION

When cash collateral is received by a debtor, the bankruptcy court has the discretion to

provide for "adequate protection" of those entities that have an interest in the cash collateral.

11 U.S.C. § 363(e). The court may order the granting of replacement liens and may also

require that cash payments be made to such entities. *See, e.g., In re Scottsdale Medical

Pavilion*, 159 B.R. 295 (9th Cir. B.A.P. 1993, *In re JKJ Chevrolet, Inc.*, 190 B.R. 542 (Bankr.

E.D.Va. 1995).

11 U.S.C. § 363(a) defines "cash collateral" as cash, negotiable instruments,

documents, title, securities, deposit accounts, or other cash equivalents whenever acquired in

which the estate and an entity other than the estate have an interest. Cash collateral also

includes any proceeds, products, offspring, rents, or profits of property subject to a security

interest as provided in § 552(b) of the bankruptcy Code, whether existing before or after the

commencement of a case under Title 11.

A debtor-in-possession may not use, sell, or lease cash collateral unless each entity that

has an interest in such cash collateral consents or the court, after notice and a hearing,

approves. 11 U.S.C. § 363(b)(2); *In re Scottsdale Medical Pavilion*, 159 B.R. 295, 297 (9th

Cir. B.A.P. 1993). Pursuant to § 363(e), at any time, on request of any person or entity that has

an interest in property used, sold, or leased, or proposed to be used, sold or leased, by the

trustee, the Court, with or without a hearing, shall prohibit or condition such use, sale, or lease

as is necessary to provide adequate protection of such interest.

Adequate protection is defined in 11 U.S.C. § 361 as follows:

When adequate protection is required under Section 362, 363, or 364 of this title,
of an interest of an entity in property, such adequate protection may be provided
by - - (1) requiring the trustee to make a cash payment or periodic cash payments
to such entity, to the extent that the stay under Section 362 of this title, use sale,

or lease under Section 363 of this title, or any grant of a lien under Section 364 of this title results in a decrease in the value of such entity's interest in such property; (2) Providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property; or (3) Granting such other relief, other than entitling such entity to compensation allowable under Section 503(b)(1) of this title as an administrative expense, as will result in the realization of such entity of the indubitable equivalent of such entities interest in such property.

Because Zions and BAFC received prepetition assignments of rents from the Property, the rents received by the Debtor for the Property are cash collateral of Zions Bank and BAFC and should be paid to them as provided in the Stipulation.

## IV.

## CONCLUSION

Based on the foregoing, Debtor respectfully requests that the Court grant the Motion and enter an order approving the Stipulation and granting such other and further relief as the court may deem just and proper.

Dated: February ⬥, 2011                SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE

A Professional Law Corporation

By: *Christine M. Fitzgerald*
Christine M. Fitzgerald
Counsel Bay Area Financial Corporation

Notice of Motion and Motion to Approve Stipulation Regarding Cash Collateral and Adequate Protection

# DECLARATION OF VINCENT J. LOMBARDO

I, Vincent J. Lombardo, declare as follows:

1.      I am the Secretary and General Counsel to Bay Area Financial Corporation, ("BAFC"). I have personal knowledge of the following, or have gained such knowledge from my review of the records of the BAFC, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2.      A true and correct copy of the fully executed Stipulation Regarding Cash Collateral and Adequate Protection ("Stipulation") by and between BAFC and the Chapter 11 Debtor, and Debtor in Possession, Suzanne Frank Gerbasi (the "Debtor") that is attached hereto as **Exhibit "A"**. I have reviewed and am familiar the Stipulation.

3.      Prior to the Petition Date, the Debtor defaulted under the Debtor's note to BAFC, and the note became due and payable in full.

4.      The Debtor through counsel represented to BAFC that (1) prior to the Petition Date and continuing to date, Abbott Kinney Real Estate, Inc., which is wholly owned by the Debtor, leased the Property from the Debtor for the amount of the mortgages secured by the Property (which are held by Zions Bank and BAFC), taxes and insurance, which is currently $7,522.99 per month; (2) Zions Bank received an assignment of rents from the Property; and (3) James M. Landon did not receive an assignment of rents and has no rights to cash collateral, including the rents from the Property. Since the Petition Date, those rents are agreed to be cash collateral. The Debtor in her schedules states that the value of the Property is $1,600,000.00. Attached as **Exhibit "B"** is a true and correct copy of the pertinent pages of those schedules.

5.      Prior to the Petition Date, BAFC received an assignment of rents from the Property. Attached hereto as **Exhibit "C"** is a true and correct copy of the "Deed of Trust and Assignment of Rents and Request for Special Notice" entered into by the Debtor and

BAFC.

6.    BAFC and the Debtor negotiated and entered into the Stipulation, pursuant to which Zions Bank and BAFC will receive monthly payments from the Debtor from cash collateral. The monthly payments are the monthly interest payable to these creditors. The monthly payment to Zions Bank is $6,122.00 (which amount was provided by the Debtor's counsel), and the monthly payment to BAFC is $4,400.00 pursuant to the Stipulation.

7.    The Stipulation also provides that BAFC can seek relief from the automatic stay if the Debtor fails to timely cure any default in making the payments to BAFC or Zions Bank as required by the Stipulation. The Stipulation is not intended to, and shall not, affect BAFC's rights (a) to seek additional or different adequate protection of its interests, including but not limited to seeking relief from the automatic stay at any time; (b) to object to any Disclosure Statement and/or Plan, if filed, or any other pleading filed in this case, (c) to assert that BAFC is not adequately protected on any basis; or (d) to take any other action in the Debtor's case. Nothing in the Stipulation or herein shall be deemed or construed to revise or change the terms of the loans from BAFC to the Debtor or to constitute consent of BAFC to any action or inaction by the Debtor or delay in the repayment of BAFC's loan to the Debtor in full for any reason, and with Court approval, the parties may alter or revise the Stipulation from time to time as they deem appropriate. Additional terms are set forth in the Stipulation (See **Exhibit "A"**).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on February _9_, 2011, at _Los Angeles_, California.

_Vincent J. Lombardo_
Vincent J. Lombardo

EXHIBIT "A"

**BARRY R. GORE, ESQ. SBN 143278**
**CHRISTINE M. FITZGERALD, ESQ. SBN 259014**
**SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE**
**A Professional Law Corporation424 Carson Street, Suite 350**
**Torrance, California 90503**
**(310) 542-0111 Telephone**
**(310) 214-7254 Facsimile**

Bankruptcy Counsel to Creditor
Bay Area Financial Corporation

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:10-bk-64548-PC |
| SUZANNE FRANK GERBASI, | Chapter 11 |
| Debtor and Debtor in Possession. | **STIPULATION REGARDING CASH COLLATERAL AND ADEQUATE PROTECTION** |
| | NO HEARING REQUIRED |

Through counsel, Bay Area Financial Corporation ("BAFC") and Suzanne Frank Gerbasi, the debtor and debtor-in-possession (the "Debtor"), agree as follows:

I.

RECITALS

A.    On December 22, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B.    Among the assets of the Debtor's bankruptcy estate is the real property commonly known as 1422 Abbott Kinney Blvd., Venice, California 90291 (the "Property").  As

1

stated in the Debtor's bankruptcy schedules, there are three deeds of trust against the Property, in favor of the following parties and in the following order of priority:

(1)    Zions Bank;

(2)    BAFC;

(3)    James M. Landon.

C.    As of the Petition Date and continuing to date, the Debtor had not repaid the monetary obligations owed to the parties identified in the previous paragraph.

D.    Prior to the Petition Date and continuing to date, Abbott Kinney Real Estate, Inc., which is wholly owned by the Debtor, has leased the Property from the Debtor for the amount of the mortgages secured by the Property (which are held by Zions Bank and BAFC), taxes and insurance, which is currently $7,522.99 per month; since the Petition Date, those rents are agreed to be cash collateral.   The Debtor listed the value of the Property in her Schedules of Assets and Liabilities ("Schedules") as $1,600,000.

E.    Zions Bank and BAFC each received an assignment of rents from the Property. James M. Landon did not receive an assignment of rents and has no rights to cash collateral, including the rents from the Property.

F.    BAFC filed its *Notice of Non-Consent of Use of Cash Collateral* [Docket No. 9] on January 5, 2011.

G.    The parties have reached terms under which BAFC shall receive periodic payments to protect its interest and which shall govern the parties' rights if the Debtor defaults in making the payments described below to BAFC or Zions Bank.

II.

AGREEMENT.

1.    Starting on the day after entry of the order approving this Stipulation, and continuing no later than ten (10) days following the beginning of each calendar month thereafter, the Debtor shall make monthly adequate protection payments to Zions Bank in the

amount of $6,122.99. The Debtor shall mail payments to Zions Bank at the following address, in connection with loan no. * * * -* * * * * * * * * * *29002: Zions Bank, PO Box 2582 Salt Lake City, UT 84125.

2.      Starting on the day after entry of the order approving this Stipulation, and continuing no later than ten (10) days following the beginning of each calendar month thereafter, the Debtor shall make monthly adequate protection payments directly to BAFC in the amount of $4,400, so as to be received by BAFC on or before the tenth (10th) day of each month.

3.      The Debtor shall provide to BAFC, through its counsel identified below, written evidence by email of each payment made to Zions Bank pursuant to this stipulation no later than ten (10) days following the beginning of each month.

4.      In the event of non-payment of any adequate protection payment described herein by the tenth (10th) day of any month, BAFC shall transmit a Notice of Default to the Debtor by email at_____ and by email to the Debtor's counsel identified below.   In the event that the Debtor fails to cure any such default within ten (10) days of service of the related Notice of Default, the Bankruptcy Court shall be authorized to grant full and immediate relief from the automatic stay in favor of BAFC upon filing and service of a declaration by BAFC's counsel confirming such a failure to cure the default within those ten days.

5.      Nothing contained in this Stipulation or the order approving this Stipulation shall be deemed or construed (a) to waive, reduce or otherwise diminish the rights of the Lender to seek additional or different adequate protection of its interest under the Note and Deed of Trust or to take any other action in this Chapter 11 case including seeking relief from stay at an earlier date or (b) to be an admission that the Lender is adequately protected.

6.      This Stipulation shall be valid and binding on, and will inure to the benefit of, the successors and assigns of the Debtor and Lender and any Chapter 7 trustee (if one is appointed in the Debtor's case), notwithstanding any conversion of this case to chapter 7.

7.    Other than as expressly set forth herein, BAFC does not consent to any use of cash collateral.

8.    This Stipulation shall be subject to the approval of the Bankruptcy Court.

~~January~~ February 2, 2011

SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE, A Professional Corporation

By: *Christine M. Fitzgerald*

Barry R. Gore
Christine M. Fitzgerald
cfitzgerald@scckg.com
Counsel to Bay Area Financial Corporation

January 28, 2011

LAW OFFICES OF JONATHAN HAYES

By: *M. Jonathan Hayes*

M. Jonathan Hayes
jhayes@HayesBKLaw.com
Counsel to Suzanne Frank Gerbasi, Debtor and Debtor-in-Possession

4

EXHIBIT "B"

B6A (Official Form 6A) (12/07)

In re   **Suzanne Frank Gerbasi**                                                    Case No.   __2:10-bk-64548-PC__
                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in **Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Commercial Property at 1422 Abbott Kinney Blvd., Venice, CA 90291 In Forclosure | Fee simple | - | 1,600,000.00 | 1,560,000.00 |
| SFR at 70754 Fairway Drive, Rancho Mirage, CA 92270 | Fee simple | - | 950,000.00 | 1,000,000.00 |
| Investment Rental Property at 616 Milwood Avenue, Venice, CA 90291 3 Cottages - Debtor on Title Only - owns 1/3 | 33% | | 650,000.00 | 675,000.00 |
| 2325 Frey Ave., Venice CA 90291 (Debtor is Co-signer on 1st Trust Deed) Owns 10% - Amount listed is 100% of value. Other 90% owned by Eyal Hollinger | 10% | - | 1,175,000.00 | 1,289,000.00 |
| Note:  All properties held in the name of Suzanne Frank-Gerbasi Trust | | - | 0.00 | 0.00 |

|  | | | Sub-Total > | 4,375,000.00 | (Total of this page) |
|  | | | Total > | 4,375,000.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re    Suzanne Frank Gerbasi                                          Case No.    2:10-bk-64548-PC
_____
                        Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxx30-07<br><br>Bay Area Financial<br>12400 Wilshire Blvd., Suite 230<br>Los Angeles, CA 90025 | | | Second Mortgage<br><br>Commercial Property at 1422 Abbott Kinney Blvd., Venice, CA 90291<br>In Foreclosure<br><br>Value $            1,600,000.00 | | | | 488,000.00 | 0.00 |
| Account No.<br><br>Bay Area Financial Corp.<br>c/o UTLS Default Services, LLP<br>P.O. Box 5899<br>Irvine, CA 92616 | | | Duplicate<br><br><br><br>Value $                     0.00 | | | | 0.00 | 0.00 |
| Account No. xxxxxxxxxx5003<br><br>Chase Finance<br>P.O. Box 78067<br>Phoenix, AZ 85062-8068 | | | 2006 Mercedes CLS55 AMG (to be returned)<br><br><br>Value $               36,000.00 | | | | 46,000.00 | 10,000.00 |
| Account No. xxxxxx3705<br><br>IndyMac Mortgage Services<br>P.O. Box 78826<br>Phoenix, AZ 85020-8826 | | | First Mortgage<br><br>SFR at 70754 Fairway Drive, Rancho Mirage, CA 92270<br><br>Value $              950,000.00 | | | | 1,000,000.00 | 50,000.00 |

| | | |
|---|---|---|
| **2**   continuation sheets attached | Subtotal<br>(Total of this page) | 1,534,000.00 | 60,000.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                Best Case Bankruptcy

Case 2:10-bk-64548-PC    Doc 24    Filed 02/10/11    Entered 02/10/11 14:27:42    Desc
Main Document    Page 17 of 29

B6D (Official Form 6D) (12/07) - Cont.

In re    **Suzanne Frank Gerbasi**                          Case No.    **2:10-bk-64548-PC**

                         Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community — H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br>Jacek Terpinsky<br>1194 Huron Road<br>North Brunswick, NJ 08902 | | | Second Mortgage<br><br>2325 Frey Ave., Venice CA 90291 (Debtor is Co-signer on 1st Trust Deed) Owns 10% - Amount listed is 100% of value. Other 90% owned by Eyal Hollinger | | | | | |
| | | | Value $      1,175,000.00 | | | | 250,000.00 | 0.00 |
| Account No. <br><br>James M. Landon<br>125 Cove Court<br>Roseville, CA 95747 | | | Third Mortgage<br><br>Commercial Property at 1422 Abbott Kinney Blvd., Venice, CA 90291 In Forclosure | | | | | |
| | | | Value $      1,600,000.00 | | | | 150,000.00 | 0.00 |
| Account No. <br><br>Kinecta FCU<br>P.O. Box 172<br>Manhattan Beach, CA 90267 | | | First Mortgage<br><br>Investment Rental Property at 616 Milwood Avenue, Venice, CA 90291 3 Cottages - Debtor on Title Only - owns 1/3 | | | | | |
| | | | Value $      650,000.00 | | | | 675,000.00 | 25,000.00 |
| Account No. xxxxxx5372 <br><br>Mercedes Benz<br>P.O. Box 9001680<br>Louisville, KY 40290 | X | | 2008 Mercedes-Benz CLK 550 | | | | | |
| | | | Value $      23,000.00 | | | | 15,000.00 | 0.00 |
| Account No. <br><br>Raphael Hollinger<br>1332 Amherst Ave.<br>Los Angeles, CA 90025 | | | Third Mortgage<br><br>2325 Frey Ave., Venice CA 90291 (Debtor is Co-signer on 1st Trust Deed) Owns 10% - Amount listed is 100% of value. Other 90% owned by Eyal Hollinger | | | | | |
| | | | Value $      1,175,000.00 | | | | 375,000.00 | 114,000.00 |

Sheet **1** of **2** continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)      **1,465,000.00**      **139,000.00**

B6D (Official Form 6D) (12/07) - Cont.

In re  Suzanne Frank Gerbasi
_____
Debtor

Case No.  2:10-bk-64548-PC

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> Richard Rogg <br> c/o PLM Lender Services, Inc. <br> 46 N. Second Street <br> Campbell, CA 95008 | X | - | First Mortgage <br><br> 2325 Frey Ave., Venice CA 90291 <br> (Debtor is Co-signer on 1st Trust Deed) <br> Owns 10% - Amount listed is 100% of value. Other 90% owned by Eyal Hollinger <br> Value $        1,175,000.00 | | | | 664,000.00 | 0.00 |
| Account No. xx0501 <br><br> Thunderbird Property Owners Assoc. <br> Desert Resort Management <br> P.O. Box 14387 <br> Palm Desert, CA 92255 | | - | Homeowners Association <br> 70754 Fairway Drive, Rancho Mirage, CA 92270 <br><br><br> Value $        950,000.00 | | | | 0.00 | 0.00 |
| Account No. xxx-xxxxx-xxxxxxx-9002 <br><br> Zions Bank <br> P.O. Box 26304 <br> Salt Lake City, UT 84125 | | - | First Mortgage <br><br> Commercial Property at 1422 Abbott Kinney Blvd., Venice, CA 90291 <br><br> Value $        1,600,000.00 | | | | 922,000.00 | 0.00 |
| Account No. <br><br><br><br><br> | | | <br><br><br><br> Value $ | | | | | |
| Account No. <br><br><br><br><br> | | | <br><br><br><br> Value $ | | | | | |

| | | |
|---|---|---|
| Sheet  2  of  2  continuation sheets attached to Schedule of Creditors Holding Secured Claims | Subtotal (Total of this page) | 1,586,000.00 | 0.00 |
| | Total (Report on Summary of Schedules) | 4,585,000.00 | 199,000.00 |

EXHIBIT "C"

RECORDING REQUESTED BY
**SOUTHLAND TITLE**

AND WHEN RECORDED MAIL TO
Bay Area Financial Corporation
CFL License No. 603-1881
12400 Wilshire Blvd., Ste. 230
Los Angeles, CA 90025



02/23/07

**20070393232**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS AND
## REQUEST FOR SPECIAL NOTICE
*This Document Provided by Commonwealth Land Title Company*

This Deed of Trust, made this 20th day of February, 2007 ,between Suzanne Frank a married woman as her sole and separate property, here in called Trustor, whose address is 1422 Abbot Kinney Blvd., Venice, CA 90291, and Bay Area Financial Corporation, a California Corporation, herein called Beneficiary, whose address is 12400 Wilshire Blvd., Ste. 230. Los Angeles, CA 90025 and JOB INSURANCE AGENCY, A California corporation, herein called Trustee,

Witnesseth: THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in **Los Angeles County**, California, described as:

See Exhibit "A" attached hereto and by this reference, incorporated herein.

Additionally this deed of trust is subject to the terms and conditions as set forth in "Rider No. 1" which is attached hereto and made a part hereof

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidence by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $800,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) That Trustor will observe and perform said provisions; and that the referenced to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations and parties set forth in this Deed of Trust.

(2) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(3) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein and in such order as beneficiary may determined or at option of Beneficiary the entire amount so collected or any part hereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereinunder or invalidate any act done pursuant to such notice.

(4)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed.

(5)  To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or preceding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(7)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(8)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9)  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this deed and said Note for endorsement and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property held hereunder.  The recitals in such RECONVEYANCE of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may described as "The person or persons legally entitled thereto".  Five years after issuance of such full RECONVEYANCE, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

(11) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving until Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonably attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determined.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall post it with Trustee this Deed said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required y law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determined, a public auction to the highest bidder for cash in lawful money of the United States, payable a the time of sale.  Trustee may postpone sale of all or a portion of said property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(13) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(14) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges of the note secured hereby whether or not named as Beneficiary herein. In this Deed, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(15) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

In accordance with Section 2924b, Civil Code, request is hereby made by the undersigned TRUSTOR that a copy of any Notice of Default and a copy of any Notice of Sale under Deed of trust recorded on October 20, 2005, Instrument No. 05-2527579, in Book N/A, Page N/A, of Official Records in the Office of the County Recorder of Los Angeles as affecting above described property, executed by Suzanne Frank, (a.k.a. Suzanne F. Gerbasi), as Trustor in which is named Zions First National Bank, as Beneficiary, and Zions First National Bank, as Trustee, be mailed to BAY AREA FINANCIAL CORPORATION, A CALIFORNIA CORPORATION, 12400 Wilshire Blvd., Ste. 230, Los Angeles, CA 90025.

NOTICE: A copy of any Notice of Default and of any Notice of Sale will be sent to the address contained in this record request. If you address changes, a new request must be recorded.

Dated: February 20, 2007

_____
SUZANNE FRANK

_____

STATE OF CALIFORNIA
COUNTY OF _____ Los Angeles _____ }SS.
On _____ 2-20-07 _____ before me, _____ Kim Wizer _____ (insert name) Notary Public,
personally appeared _____ Suzanne Frank _____
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ Kim Wizer _____

KIM WIZER
Commission # 1419502
Notary Public - California
Los Angeles County
My Comm. Expires Jun 19, 2007

PAGE 3

EXHIBIT "A"

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

LOT 28 IN BLOCK 22 OF VENICE OF AMERICA, IN THE CITY OF LOS ANGELES,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 6, PAGE(S) 126 AND 127 OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.

MORE COMMONLY KNOWN AS:        1422 Abbot Kinney Blvd., Venice, CA
                              90291.

R I D E R   N O .   1

Rider to Deed of Trust,
Assignment of Rents,
dated February 30, 2007
between
SUZANNE FRANK, Trustor ("Trustor")
and Job Insurance Agency, Trustee ("Trustee")
and Bay Area Financial Corporation as Beneficiary ("Beneficiary")


Notwithstanding any terms or conditions to the contrary contained in the Deed of Trust, Trustor agrees;

1.   To pay any and all costs and expenses, including attorney's fees, incurred by Beneficiary to enforce its rights hereunder, whether or not suit is brought thereon;

2.   To pay interest on each sum expended by Beneficiary or Trustee in enforcing the obligations secured hereby from the date of expenditure until the date of repayment at the rate of interest in effect from time to time during such period under the promissory note secured hereby;

3.   If the Trustor shall sell, convey or alienate the property herein described, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, the Beneficiary shall have the right, at its option, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable;

4. If any provision contained herein is held to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force and effect.

BORROWER(S):                          WITNESS:


_____              _____
SUZANNE FRANK



Loan No. 23630.07




This page is part of your document - DO NOT DISCARD



**20070393232**

Pages: 005

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

02/23/07 AT 08:00AM

| Fees: | |
|---|---|
| Taxes: | $34.00 |
| Other: | $0.00 |
| Paid: | $0.00 |
| | $34.00 |

TitleCompany

TITLE(S) :





L E A D   S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.      Number of AIN's Shown





THIS FORM IS NOT TO BE DUPLICATED

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as **MOTION FOR APPROVAL OF STIPULATION REGARDING CASH COLLATERAL AND ADEQUATE PROTECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 10, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See attached service list**

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **February 10, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**See attached service list**

☒  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 10, 2011 | Brenda L. Campos | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                 **F 9013-3.1.PROOF.SERVICE**

# SERVICE LIST

## SECTION I

## SERVED VIA NEF

### CHAPTER 7 TRUSTEE
Russell Clementson  Russell.  clementson@usdoj.gov

### UNITED STATES TRUSTEE (LA)
Ustpregion16.la.ecf@usdoj.gov

### DEBTORS COUNSEL
M Johnathan Hayes        jhayes@polarisnet.net

### Attorney for Creditor Bay Area Financial Corp.
Christine M. Fitzgerald      cfitzgerald@sckg.com

### Other Parties Served via NEF
John P. Byrne            john.bryne@byrnelaw.biz
Christopher Hoo          choo@millerlaw.biz
Randall P. Mroczynski    randym@cookseylaw.com
Donna T. Parkinson       donna@parkinsonphinney.com
Susan B. Tolchard        Susana@tolchardlaw.com

## SECTION II

## SERVED VIA US MAIL

### JUDGE
Honorable Peter Carroll
255 E. Temple St., Suite 1534
Los Angeles, CA 90012

### DEBTOR
Suzanne Frank Gerbasi
1615 Crescent Place
Venice, CA 90291-3820

### CREDITORS
Bay Area Financial
12400 Wilshire Blvd. Suite 230
Los Angeles, CA 90025-1055

Craig Tanimoto

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                    **F 9013-3.1.PROOF.SERVICE**

214 Carroll Canal
Venice, CA 90291-4578

Jacek Terpinsky
1194 Huron Road
North Brunswick, NJ 08902-1612

Kinecta FCU
P.O. Box 172
Manhattan Beach, CA 90267-0172

**SECTION II CONTINUED**
Richard Rogg
c/o PLM Lender Services, Inc.
46 N. Second Street
Campbell, CA 95008-2026

Wells Fargo Bank, N.A
Wells Fargo Card Services/Recovery Dept.
P.O. Box  9210
Des Moines, IA 50366-9210

Chase card Services
P.O. Box 94010
Palatine, IL 60094-4010

Eyal Hollinger
1332 Amherst Ave.
Los Angeles, CA 90025-2092

Raphael Hollinger
1332 Amherst Ave.
Los Angeles, CA 90025-2092

James M. Landon
125 Cove Court
Roseville, CA 95747-8834

Joseph Hiura
612 Milwood Ave.
Venice, CA 90291-3863

Mercedes Benz
P.O. Box 9001680
Louisville, KY 40290-1680

Thunderbird Property Owners Assoc.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                    **F 9013-3.1.PROOF.SERVICE**

Desert Resort Mgmt
P.O. Box 14387
Palm Desert, CA 92255-4387

Zions First National Bank
Legal Services UT ZB11 0877
P.O. Box 30709
Salt Lake City, UT 84130-0709

## SECTION II CONTINUED

Chase Finance
P.O. Box 78067
Phoenix, AZ 85062-8067

IndyMac Mortgage Services
P.O. Box 78826
Phoenix, AZ 85062-8826

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

L.A. County Tax Collector
Bankruptcy Unit
2615 S. Grand
Los Angeles, CA 90007-2608

Franchise Tax Board
Attn: Bankruptcy Dept.
P.O. Box 2952
Sacramento, CA 95812-2952

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

## OTHER INTERESTED PARTIES

Securities & Exchange Commission
5670 Wilshire Ave. 11th Floor
Los Angeles, CA 90036-5627

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                    **F 9013-3.1.PROOF.SERVICE**