Susana B. Tolchard (Bar No. 219889)
**Law Office of Susana B. Tolchard**
25852 Mc Bean Parkway #209
Valencia, Ca 91355
Telephone: (661) 287-9986
Facsimile: (661) 414-7117
susana@tolchardlaw.com

*Attorney for Debtor*
Suzanne Frank Gerbasi

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:10-bk-64548-PC |
| SUZANNE FRANK GERBASI, | Chapter 11 |
| Debtor | **NOTICE OF MOTION AND MOTION BY DEBTOR TO APPROVE THE SALE OF CERTAIN ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES; DECLARATION OF SUZANNE FRANK GERBASI; MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date: February 25, 2011<br>Time: 9:30 a.m.<br>Ctrm: 1539 |

TO THE HONORABLE PETER CARROLL, UNITED STATES BANKRUPTCY JUDGE, TO THE UNITED STATES TRUSTEE AND ITS COUNSEL OF RECORD AND TO INTERESTED PARTIES:

PLEASE TAKE NOTICE that on February 25, 2011, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1539 of the above-entitled Court located at 255 E. Temple Street, Los Angeles, California 90012, SUZANNE FRANK GERBASI, the debtor

in the above-captioned chapter 11 (the "Debtor"), shall, and does hereby, move the Court for an order granting the following relief (the "Motion"):

1. Authorizing the sale of the Debtor's real property located at 2325 Frey Ave., Venice, CA 90291 (the "Property").

2. Authorizing the sale of the Property to Ryan Gall ("Buyer"), for a gross sales price of $1,130,000 on the terms and conditions set forth in the offer executed by the co-owner/seller and Buyer ("Sale Agreement"), a copy of which is attached hereto as **Exhibit "A."**

3. Authorizing the sale of the Property to such other entity as the court, at the hearing on the Motion, or at any continued hearing, finds has made a higher or better offer than that of Buyer.

4. Approving the overbid procedures set forth in the Motion.

5. Authorizing the sale of the Property free and clear of all liens, claims, encumbrances, and other interests of all persons, as set forth herein.

6. Finding that notice to creditors and parties in interest relating to the Motion was adequate.

7. Finding that the Debtor and Buyer acted in good faith in connection with the negotiation, execution, delivery, and consummation of the sale of the Property.

8. Finding that such negotiations and transactions were conducted at arms-length such that the Debtor and Buyer are each entitled to the protections afforded by 11 U.S.C. §363(m) with respect to all transactions contemplated by the Agreement.

LAW OFFICES
Susana B. Tolchard

2

1  9. Authorizing the Debtor and/or the other parties to the
2  sale to take such actions as are necessary and appropriate to
3  consummate the sale and conveyance of the Property.
4  The Motion is based upon this Notice of Motion and Motion,
5  the attached declarations, all pleadings and records on file in
6  this case, and upon such other evidentiary matters as may be
7  presented to the Court regarding the Motion.
8  PLEASE TAKE FURTHER NOTICE that, pursuant to Court order of
9  February 16, 2011, this Motion is being heard on shortened time.
10 Unless the court sets forth a different period in which to file a
11 opposition or other response to this motion, any party opposing
12 the relief sought by the Motion must file a written opposition
13 setting forth the facts and law upon which the opposition is
14 based pursuant to Local Bankruptcy Rule 9013-1, and must appear
15 at the hearing on the Motion.
16 Any factual allegations set forth in such written response
17 must be supported by competent and admissible evidence. Any
18 response or opposition to the Motion must be filed with the Court
19 and served on the Debtor's counsel prior to the scheduled hearing
20 date on the Motion (not excluding Saturdays, Sundays or legal
21 holidays). Such responses, if any, must be served on the
22 Debtor's counsel at the address noted in upper left-hand corner
23 of the first page of this notice. Pursuant to Local Bankruptcy
24 Rule 9013-1, any response not timely filed and served may be
25 ///
26 ///
27 ///
28 ///

LAW OFFICES
Susana B. Tolchard

3

1  deemed by the Court to be a consent to the granting of the relief
2  requested by the Motion.
3
4  Dated:    February 21, 2011          LAW OFFICES OF SUSANA B. TOLCHARD
5                                       By: /s/ Susana Tolchard
6                                            Susana B. Tolchard
                                              *Attorney for Debtor,*
                                              Suzanne Frank Gerbasi

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Debtor is an individual who filed her Chapter 11 petition on December 22, 2010 to stop a foreclosure by the second trust deed holder on commercial property she owns located at 1422 Abbot Kinney Blvd., Venice, CA.

This motion is brought to seek the approval of the sale of another piece of real estate, commonly known as 2325 Frey Ave., Venice, CA (the "Real Estate") in which the Debtor has a 10% ownership interest.

The first lienholder on this property is owed approximately $664,000. The note came due in full in January 2011.

The Debtor received an all-cash offer to buy the Real Property from Ryan Gall (the "Buyer") for $1,130,000 on or about February 10, 2011. On February 11, 2011, the seller-co-owner, Eyal Hollinger, accepted the offer. A copy of the contract and escrow instructions are attached hereto as **Exhibit "A"** (the "Sale Agreement"). The due diligence period will expire on or about February 19, 2011, and the Buyer will proceed with the sale and closing.

The Debtor had actively marketed the Property for a few months prior to the bankruptcy filing. The Debtor listed the Property for sale with Abbot Kinney Real Estate, Inc., Debtor's wholly-owned corporation.

The Buyer is not related or affiliated in any way with the Debtor or any insider of the Debtor.

The proposed sale has no financing contingencies.

LAW OFFICES
Susana B. Tolchard

1    There is no agreement or understanding with the Buyer that
2 the Property will be returned at some later date to the Debtor.
3    The sale will be free and clear of liens, claims,
4 encumbrances and interests. Richard Rogg and/or his assignee,
5 Vinny LCC (first lienholder) and Jacek Terpinsky (second
6 lienholder) will be paid directly from escrow at closing provided
7 that the amount owed to each can be resolved prior to closing.
8 Raphael Hollinger (third lienholder) will release the lien
9 without payment.
10    The terms of the Sale Agreement shall prevail over the terms
11 of this pleading should there be a discrepancy between the two.
12    In additional to Ryan Gall's all-cash offer, seller has
13 received the following two back-up offers:
14    (1)   From Adam Flick, $1,150,000 purchase price
15          (Attached herein as **Exhibit "B"** is a true and
16          correct copy of the purchase agreement)
17    (2)   From Kimberly Bica, $1,150,00 purchase price
18          (Attached herein as **Exhibit "C"** is a true and
19          correct copy of the purchase agreement)
20                                II.
21                    FACTS AND PROCEDURAL HISTORY
22    A.   The Chapter 11 Filing
23    SUZANNE FRANK GERBASI, the debtor herein, (the "Debtor")
24 filed her voluntary Chapter 11 Bankruptcy Petition on December
25 22, 2010. She has acted as Debtor-in-Possession since the
26 commencement of the case. No Committee of Unsecured Creditors
27 has been organized.
28 ///

LAW OFFICES
Susana B. Tolchard

///

### B. The Debtor's Business Operations

The Debtor is real estate broker who operates her own real estate company, Abbot Kinney Real Estate, Inc.

### C. The Property at Issue

By this Motion, the Debtor proposes to sell the Real Property located at 2325 Frey Blvd, Venice, CA 90291 (the "Real Property"). The Real Property is a single family residence of approximately 1,168 sq ft on a 3,598 sq. ft lot. The Property was originally built in 1951 and totally remodeled in 2010.

The Debtor has determined that the Real Property must be sold as neither she nor the co-owner, Eyal Hollinger, are able to pay the balance on the first lien that came due in full in January 2011.

### D. The Proposed Sale

As set forth above, subject to court approval and overbid, the Debtor and the 90% owner of said property have agreed to sell the Property to Buyer for $1,130,000 (the "Purchase Price"). A copy of the contract is attached hereto as **Exhibit "A"** (the "Agreement").

The Buyer is not related or affiliated in any way with the Debtor or any insider of the Debtor. There is no agreement or understanding with the Buyer that the Real Property will be returned at some later date to the Debtor.

The proposed sale is all cash, payable immediately, with no financing contingencies. The sale will be free and clear of

liens, claims, encumbrances and interests. Close of escrow is by mutual agreement based on time frame of court approval. The Buyer has made a deposit of $33,000. There is no financing contingency or appraisal.

The sale is "as is," "where is" and is without any other representation, warranty or assurance, made by the Debtor or any of its agents, attorneys or other representatives, concerning the value of the assets, except as such representations, warranties or assurances are set forth in the Agreements and except that the Debtor has warranted that the assets are equal in value to the purchase price to be received by the Debtor.

As part of the sale, Debtor is required to provide an Order of the Bankruptcy Court approving the sale. The Debtor will turn over possession of the Property to Buyer upon the Closing.

### E. Marketing Efforts for the Property

The Debtor originally listed this property in or about November 11, 2010 for $1,290,000. The house was still under construction at the time. In early February 2011, the listing price was reduced to $1,195,000. There have been three offers in total, and the Debtor has determined that the Ryan Gall's offer is the best one.

### F. Liens Against the Real Property

The proposed sale of the Real Property will produce funds sufficient to pay the following liens of record, evidenced on the title report attached herein as **Exhibit "D"**:

(1) <u>First Deed of Trust in favor of Richard Rogg</u>: Richard Rogg is owed approximately $684,000. Although the Debtor is informed and believes that Richard Rogg and/or its successor or assignee will or has submitted a payoff demand of $719,837, which amount far exceeds the interest, penalties and other fees which may otherwise be charged under the Deed of Trust.

(2) <u>Second Deed of Trust in favor of Jacek Terpinsky</u>: The amount owed to Terpinsky is approximately $250,000.

(3) <u>Third Deed of Trust in favor of Raphael Hollinger</u>: Raphael Hollinger is owed $375,000. However, he has agreed to release the lien on the property without payment and receive instead a note from Eyal Hollinger for that amount. Debtor is not personally liable for this debt.

The first and second trust deed liens on the Real Property total approximately $914,000 using the Debtor's numbers and $969,837.20 using the higher Richard Rogg amount. Either way, there are sufficient funds to pay both. If the Debtor and Richard Rogg cannot agree on a payoff amount, the Debtor will seek to approve the sale with the lien of Richard Rogg attaching to the proceeds of the sale which will remain with the title company pending further order of the court.

G.  **Reasons Justifying Proposed Sale**

The co-owner of the property, who holds 90% interest, is unable to pay the Richard Rogg lien that came due in full in January 2011. Richard Rogg's assignee, Vinny LLC, the lienholder, has filed a Motion for Relief. The hearing on that motion is set for March 10, 2011. A sale must be completed or the equity, which would satisfy the second lienholder, will be lost.

LAW OFFICES
Susana B. Tolchard

**H. The Buyer is Entitled to the Benefits and Protections of 11 U.S.C. Section 363(m).**

The Debtor has had no prior dealings with the Buyer in any respect. The agreement with the Buyer is at "arms-length." The Debtor, acting as broker, negotiated the contract herself with the knowledge and consent of the other seller/owner, Eyan Hollinger. There is no agreement or understanding with the Buyer that the Property will be returned at some later date to the Debtor. Moreover, the Debtor submits that the transaction is objectively fair and reasonable. Based thereon, the Buyer should be provided with the benefits and protections afforded by § 363(m) of the Bankruptcy Code.

## IV.

### OVERBID PROCEDURES

The Debtor proposes to allow any other person or entity to overbid this sale at the hearing set forth herein. Proposed bidding procedures are as follows:

1) On or before, February 24, 2011, a prospective bidder must provide to the Debtor's counsel a cashier's check for $100,000 as a deposit (the "Deposit") to be held by Debtor's counsel as set forth herein. If the prospective bidder is the successful bidder, the Deposit shall become non-refundable. At Closing, the Deposit will be applied to the Purchase Price.

2) The Prospective Bidder shall also provide to Debtor's counsel proof of its ability to close and make payment in full within 15 days after entry of the Order approving this motion.

LAW OFFICES
Susana B. Tolchard

3) Any overbid for the Property shall be on the same terms and conditions, or better, as is set forth in the Offer set forth in **Exhibit "A."** There will be no due diligence period or other right to cancel the sale agreement.

4) The initial overbid must be at least $20,000 more than the Purchase Price herein or $1,150,000. After the initial overbid, additional overbids shall be in increments of $10,000 each.

## IV.

## ARGUMENT

### A. SECTION 363(B)(1) PERMITS THE SALE OF PROPERTY OUT OF THE ORDINARY COURSE OF BUSINESS.

#### 1. THE STANDARD FOR APPROVAL

Section 363(b)(1) of the Bankruptcy Code permits the Debtor-in-possession, after notice and a hearing, to "sell . . . other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The standards for approval of a pre-confirmation sale pursuant to § 363(b)(1) require that the sale proponent establish that: (1) a "sound business purpose justifies the sale"; (2) "accurate and reasonable notice of the sale was provided"; (3) "the price to be paid is adequate, i.e., fair and reasonable"; and (4) "good faith i.e., the absence of any lucrative deals with insiders is present." *In re Industrial Valley Refrig. and Air Cond. Supplies, Inc.*, 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987).

Because the proposed sale meets all the requirements, the court should approve the sale.

///
///

### A. THERE IS A SOUND BUSINESS PURPOSE.

In this matter, there is a sound business reason for the sale; namely, the equity in the Property is being diminished every day by the accrual of unpaid interest owed to the secured creditors. This delay results in the deterioration of the estate.

Because the sale of the property is in the best interest of the estate, there is a sound business purpose for the sale and the court should therefore approve the sale. The Bankruptcy Appellate Panel of the Ninth Circuit has adopted a flexible, case by case test to determine whether the business purpose for the proposed sale justifies disposition of property of the estate under § 363(b). *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir. BAP 1988). In *Walter*, the court set forth the following articulation of the standard to be applied under § 363(b):

Whether the proffered business justification is sufficient depends on the case. As the Second Circuit held in *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983), the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the Debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the asset to the estate as a whole [and] . . . the proceeds to be obtained . . . . This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge. *Walter*, 83 B.R. at 19-20.

///

B. **ACCURATE AND REASONABLE NOTICE.**

This Motion is being served on all interested parties with an opportunity to object. Thus all interested parties are being given accurate and reasonable notice.

C. **A FAIR AND REASONABLE PRICE WILL BE PAID.**

The price is fair and reasonable under the circumstances and results in payment of the secured debts in full.

D. **THE REQUIREMENT OF GOOD FAITH HAS BEEN SATISFIED.**

The good faith requirement "focuses principally on the element of special treatment of the Debtor's insiders in the sale transaction." *In re Industrial Valley Refrig. and Air Cond. Supplies, Inc.*, 77 B.R. 15, 17 (Bankr. E.D. Pa. 1987). The Buyer is not related to or affiliated with the Debtor or any of its insiders. Therefore, there is no special treatment of the Debtor's insiders.

E. **SECTION 363(F) OF THE BANKRUPTCY CODE PERMITS THE SALE OF PROPERTY FREE AND CLEAR OF LIENS.**

The power of the bankruptcy court to authorize sales of estate property free and clear of liens has long been recognized. *Van Huffel v. Harkelrode*, 284 U.S. 225, 52 S. Ct. 115 (1931).

Section 363(f) provides that the trustee may sell property free and clear of any such interest in such property of an entity other than the estate, if any one of the five requirements of Section 363(f) are met.

///

LAW OFFICES
Susana B. Tolchard

## V. CONCLUSION

By reason of the arguments set forth above, the Debtor believes that the sale of the property on the terms described herein is in the best interest of the estate and the creditors.

Accordingly, the Debtor's Motion to sell the property should be granted.

Dated: February 21, 2011     LAW OFFICES OF SUSANA B. TOLCHARD

By: /s/ Susana Tolchard
Susana B. Tolchard
*Attorney for Debtor,*
Suzanne Frank Gerbasi

## SUPPORTING DECLARATION OF DEBTOR
## SUZANNE FRANK GERBASI

I, Suzanne Frank Gerbasi, declare and state as follows:

1. I am the Debtor herein. If called as a witness I could and would competently testify to the herein.

2. I filed this Chapter 11 petition on December 22, 2010, to stop a foreclosure by the second trust deed holder on the commercial property I own located at 1422 Abbot Kinney Blvd., Venice, CA 90291.

3. I also hold a 10% interest in the real property commonly known as 2325 Frey Ave., Venice, CA 90291(the "Real Property").

4. I am a co-signed on the purchase money loan on this property.

5. The other owner of the Real Property is Eyal Hollinger, who holds a 90% interest.

6. The liens of record on the Real Property are as follows:

   a. First Lien in favor of Richard Rogg with an approximate balance of $664,000, which came due in full in January 2011

   b. Second lien in favor of Jacek Terpinsky with an approximate balance of $250,000

   c. Third lien in favor of Raphael Hollinger with an approximate balance of $375,000

7. I have actively marketed the Property. The Buyer is not related or affiliated with me in any way.

8. There is no agreement or understanding with the Buyer

LAW OFFICES
Susana B. Tolchard

that the Property will be returned at some later date to the Debtor or any of its members or affiliates.

9. The Real Property is a single family residence built in 1951 of approximately 1168 sq ft on a 3598 sq. ft lot. It was a tear down property when purchased. Only the chimney was left from the original home. The home was rebuilt to its current condition.

10. I originally listed this property for sale on or about November 11, 2010 for $1,290,000. At that time, the construction of the house was not yet complete. However, the first lienholder was pressuring the owner/contractor to sell the property. In early February 2011, I reduced the listing price to $1,195,000.

11. On February 10, 2011, I received a cash offer of $1,130,000. And two other offers for purchase.

12. The 90% co-owner, Eyal Hollinger, is not able to pay the full amount due to the first lienholder which came due in full in January 2011.

13. I have had no prior dealings with the Buyer in any respect. The agreement with the Buyer is at "arms-length."

14. I have no agreement or understanding with the Buyer that the Property will be returned at some later date to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed this 19th day of February 2011 in the city of Venice, County of Los Angeles, State of California.

By: _____
SUZANNE FRANK GERBASI

LAW OFFICES
Susana B. Tolchard

16

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
25852 MC Bean Parkway, #209, Valencia, CA 91355

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION BY DEBTOR TO APPROVE THE SALE OF CERTAIN ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES; DECLARATION OF SUZANNE FRANK GERBASI; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **2/21/11** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- John P Byrne    John.Byrne@byrnelaw.biz (counsel for Vinny, LLC)
- Russell Clementson    russell.clementson@usdoj.gov
- Christine M Fitzgerald    cfitzgerald@scckg.com
- M Jonathan Hayes    jhayes@polarisnet.net
- Christopher Hoo    choo@millerlaw.biz
- Randall P Mroczynski    randym@cookseylaw.com
- Donna T Parkinson    donna@parkinsonphinney.com
- Susana B Tolchard    susana@tolchardlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **2/21/11** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

LAW OFFICES
Susana B. Tolchard

17

1 | Honorable Peter Carroll
United States Bankruptcy Court
255 E. Temple Street, Suite 1534
2 | Los Angeles, CA 90012

3 | Suzanne Frank Gerbasi
1615 Crescent Place
4 | Venice, CA 90291

5 | Eyal Hollinger
1332 Amherst Ave.
6 | Los Angeles, CA 90025

7 | Richard Rogg
c/o PLM Lender Services, Inc.
8 | 46 N. Second Street
Campbell, CA 95008
9

10 | Raphael Hollinger
1332 Amherst Ave.
Los Angeles, CA 90025
11

12 | Jacek Terpinsky
1194 Huron Road
North Brunswick, NJ 08902
13

14 | **III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___ I served
15 | the following person(s) and/or entity(ies) by personal delivery,
or (for those who consented in writing to such service method),
16 | by facsimile transmission and/or email as follows. Listing the
judge here constitutes a declaration that personal delivery on
17 | the judge will be completed no later than 24 hours after the
document is filed.
18

☐ Service information continued on attached page
19

I declare under penalty of perjury under the laws of the United
20 | States of America that the foregoing is true and correct.

21 | 2/21/11         Susana B. Tolchard          /s/Susana B. Tolchard
Date              Type Name                  Signature
22

23

24

25

26

27

28

LAW OFFICES
Susana B. Tolchard

18

MOTION TO APPROVE SALE OF ASSETS