Donna T. Parkinson, State Bar Number 125574
Margaret E. Garms, State Bar Number 84938
PARKINSON PHINNEY
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone:    (916) 449-1444
Facsimile:    (916) 449-1440
e-mail: donna@parkinsonphinney.com
Attorneys for Creditor Zions First National Bank

Susana B. Tolchard, State Bar Number 104191
LAW OFFICES OF SUSANA B. TOLCHARD
25852 McBean Parkway #209
Valencia, CA 91355
Telephone: (661)-414-7130
Facsimile: (661)-414-7117
e-mail: Susana@tolchardlaw.com
Attorney for Debtor and Debtor-in-Possession
Suzanne Frank Gerbasi

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| SUZANNE FRANK GERBASI, ) | |
| ) | Case No.: 2:10-bk-64548-PC |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| ) | |
| ) | |
| _____) | |

**STIPULATION FOR USE OF CASH COLLATERAL
AND ADEQUATE PROTECTION PAYMENTS**

    Suzanne Frank Gerbasi, the Debtor and Debtor in Possession ("Debtor") and Secured Creditor Zions First National Bank ("Zions"), by and through their respective attorneys, hereby stipulate ("Stipulation") to the following:

**RECITALS**

    A.    Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 22, 2010 and has continued to operate her business and manage her properties as a debtor in possession since that date.

B.   Zions made a loan to Debtor on or about October 13, 2005 in the original principal amount of $1,000,000, which is secured by a Deed of Trust on real property of the Debtor commonly known as 1422 Abbott Kinney Blvd., Venice, CA 90291 (the "Property") and by an Assignment of Rents on the Property.

C.   The Property is occupied by Abbot Kinney Real Estate, Inc., a corporation wholly owned by Debtor.

D.   Any rents paid with respect to the Property are cash collateral ("Cash Collateral") of Zions.

## OPERATIVE PROVISIONS

1.   **Recitals.**  The parties agree that the Recitals A through D stated herein are true and accurate.

2.   **Term of Agreement.**  This Stipulation shall remain in effect until earlier of (a) the Effective Date of a confirmed Plan of Reorganization in this case, or (b) the occurrence of an Event of Default as defined in Section 5 below.  Zions' acceptance of a late payment shall constitute waiver of a default under section 5(a) below but shall not constitute waiver of any other type of default.

3.   **Adequate Protection Payments.** Beginning January 1, 2011 and on the first day of each month thereafter during the Term of this Stipulation, the Debtor shall make adequate protection payments to Zions in the amount of $6,122.99 ("Adequate Protection Payments"). Such payments may be made from Cash Collateral or other sources.  Zions may accept such payments regardless of the source thereof.  Zions acknowledges receipt of the payments due January 1 and February 1, 2011.

4.   **Use of Cash Collateral.** So long as no default has occurred under this Stipulation, Debtor may use any Cash Collateral of Zions except as set forth hereinbelow:

   a. Zions shall be entitled to file a motion for an administrative expense claim under sections 503(b) and 507(a)(1) of the Bankruptcy Code with the super-priority status pursuant to Bankruptcy Code section 507(b) to the extent Zions is not adequately protected with respect to the Debtor's use of Cash Collateral.

   b. The Debtor shall not be permitted to use Cash Collateral to object to, contest or modify the validity, perfection, priority, extent, or enforceability of any amount due or lien created under the Zions Bank's prepetition loan documents, to assert any action for avoidance power claims or any other claims or defenses granted Zions, to prevent, hinder or otherwise delay Zions' assertion, enforcement or realization on the Cash Collateral in accordance with this Stipulation, to pay any monies, compensation or otherwise to insiders of the Debtor without Zions' permission, or to pay any amount on account of any claims arising prior to the Petition Date, unless such payments on account of such pre-petition claims are approved by Zions.

5. **<u>Events of Default.</u>**  Any of the following shall constitute a default under this Stipulation:

   a. Debtor's failure to make any Adequate Protection Payment when due;

   b. Any default under the loan documents with Zions, including payment defaults, other than (i) failure to make principal and interest payments when due; (ii) a default resulting from Debtor's insolvency or the filing of this bankruptcy case; or (iii) a default resulting solely from Debtor's default under loan agreements with another lender;

   c. Debtor's failure to file any operating report, status report, or similar report required either by the Bankruptcy Court or the U.S. Trustee's Office, as and when due;

   d. Relief from stay granted to another creditor with a security interest in the Property;

{8515\13552\MG\A0149581.DOC}    Stipulation for Use of Cash Collateral and Adequate Protection Payments

3

  e. Reversal, vacatur, stay, amendment, supplementation or other modification of the Order approving this Stipulation (without Zions' express written consent); or

  f. Entry of an order by the Bankruptcy Court converting or dismissing the Debtor's Chapter 11 case.

**6.** **Remedy on Default.** If an Event of Default (as defined herein) occurs under the terms of this Order, the Zions may give written notice of any such default to the Debtor's counsel of record in the Case by hand delivery or facsimile (the "Default Notice"). The Debtor's rights to use Cash Collateral shall immediately cease after 10 business days have elapsed from the date of the Default Notice. Notwithstanding the occurrence of a Event of Default under this Order, the Debtor shall be authorized to notice an expedited hearing in this Court on 10 or more business days' notice so that the Court can determine whether to authorize further use of Cash Collateral, and Zions shall cooperate with the Debtor in the setting of such hearing on shortened time.

**7.** **Existing Agreements Confirmed.** This stipulation does not modify any rights or duties of the parties under the existing loan documents, including Zions' right to accrue interest at a default rate in the event the Adequate Protection Payments do not cover all current payment obligations of Debtor.

**8.** **Reservation of Rights.** Except as specifically set forth herein, this Order is entered with an express reservation of rights by Zions and the Debtor to pursue any and all rights and remedies Zions and/or the Debtor may have under the Bankruptcy Code and/or state law including, but not limited to, Zions seeking the appointment of a trustee, an examiner, an examiner with expanded powers, adequate protection of Zions' security interests, relief from the automatic stay, or dismissal of this chapter 11 proceeding. Nothing contained in this Order shall be deemed or construed to be an admission by Zions that Zions is adequately protected.

9. **Expenses of Preserving Property.** During the Term of this Stipulation, the Debtor may not recover any claim under 11 U.S.C. section 506(c) from Zions' Cash Collateral, the Property, or from any other property of the Debtor in which Zions holds a security interest, for any costs and expenses arising out of and/or pertaining to the Debtor's chapter 11 case.

10. **Property Inspections.** Zions and its authorized agents, including appraisers and environmental consultants, shall be authorized to enter the Property, upon twenty-four hours written notice to the Debtor during normal business hours, for the following purposes; (i) to prepare an appraisal of the Property; (ii) to prepare an environmental report; and (iii) to conduct an inspection of the Property.

11. **Court Approval Required.** This stipulation shall be binding on the parties only when and if it is approved by the Court.

**IN WITNESS WHEREOF**, the Parties hereto have caused this agreement to be duly executed by their respective authorized signatories.

Dated: 2/18/11

LAW OFFICES OF SUSANA B. TOLCHARD

By: *[signature]*
Susana B. Tolchard
Attorney for Debtor Suzanne Frank Gerbasi

**PARKINSON PHINNEY**

Dated: 2/22/11

By: /s/ Margaret E. Garms
Margaret E. Garms
Attorneys for Creditor Zions First National Bank