| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| *Attorney for* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: | CHAPTER _____ |
|---|---|
| | CASE NUMBER |
| | DATE: |
| | TIME: |
| Debtor. | COURTROOM: |

## NOTICE OF MOTION FOR:

*(Specify name of Motion)*

1. TO:

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

**Hearing Date:**         **Time:**         **Courtroom:**         **Floor:**

- ❏ **255 East Temple Street, Los Angeles**          ❏ **411 West Fourth Street, Santa Ana**
- ❏ **21041 Burbank Boulevard, Woodland Hills**      ❏ **1415 State Street, Santa Barbara**
- ❏ **3420 Twelfth Street, Riverside**

---

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the Judge's self-calendaring procedures.

Dated:                                                     _____
                                                           *Law Firm Name*

                                                           By: _____

                                                           Name: _____
                                                           *Attorney for Movant*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                **F 9013-1.1**

Donna T. Parkinson, State Bar No. 125574
Margaret E. Garms, State Bar No. 84938
**PARKINSON PHINNEY**
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone:    (916) 449-1444
Facsimile:    (916) 449-1440
E-mail: margaret@parkinsonphinney.com

Counsel for Secured Creditor
Zions First National Bank

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>SUZANNE FRANK GERBASI,<br>aka SUZY FRANK,<br><br>Debtor. | Case No. 2:10-bk-64548-PC<br><br>Chapter 11<br><br>(No Hearing Required) |

### MOTION FOR APPROVAL OF STIPULATION

Secured Creditor Zions First National Bank ("Zions"), by and through its attorneys, moves this Court for an order approving the Stipulation For Use Of Cash Collateral And Adequate Protection Payments entered into between Zions and Debtor and Debtor in Possession Suzanne Frank Gerbasi and filed with this Court on February 22, 2011, a copy of which is attached hereto as Exhibit 1 (the "Stipulation"), for the reasons stated in the Stipulation.

WHEREFORE, Zions prays for an order approving the Stipulation.

Respectfully Submitted,

Dated: February 22, 2011          PARKINSON PHINNEY

*[signature: Margaret E. Garms]*

By: _____
    Donna T. Parkinson
    Margaret E. Garms
    Counsel for Zions First National Bank

{8515\13552\MG\A0150562.DOC}                    Motion for Approval of Adequate Protection Stipulation

1

# EXHIBIT 1

Donna T. Parkinson, State Bar Number 125574
Margaret E. Garms, State Bar Number 84938
PARKINSON PHINNEY
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone:    (916) 449-1444
Facsimile:    (916) 449-1440
e-mail: donna@parkinsonphinney.com
Attorneys for Creditor Zions First National Bank

Susana B. Tolchard, State Bar Number 104191
LAW OFFICES OF SUSANA B. TOLCHARD
25852 McBean Parkway #209
Valencia, CA 91355
Telephone: (661)-414-7130
Facsimile: (661)-414-7117
e-mail: Susana@tolchardlaw.com
Attorney for Debtor and Debtor-in-Possession
Suzanne Frank Gerbasi

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SUZANNE FRANK GERBASI,<br><br>          Debtor. | Case No.: 2:10-bk-64548-PC<br><br>Chapter 11 |

**STIPULATION FOR USE OF CASH COLLATERAL
AND ADEQUATE PROTECTION PAYMENTS**

Suzanne Frank Gerbasi, the Debtor and Debtor in Possession ("Debtor") and Secured Creditor Zions First National Bank ("Zions"), by and through their respective attorneys, hereby stipulate ("Stipulation") to the following:

**RECITALS**

A.    Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 22, 2010 and has continued to operate her business and manage her properties as a debtor in possession since that date.

B.  Zions made a loan to Debtor on or about October 13, 2005 in the original principal amount of $1,000,000, which is secured by a Deed of Trust on real property of the Debtor commonly known as 1422 Abbott Kinney Blvd., Venice, CA 90291 (the "Property") and by an Assignment of Rents on the Property.

C.  The Property is occupied by Abbot Kinney Real Estate, Inc., a corporation wholly owned by Debtor.

D.  Any rents paid with respect to the Property are cash collateral ("Cash Collateral") of Zions.

### OPERATIVE PROVISIONS

1.  **Recitals.**  The parties agree that the Recitals A through D stated herein are true and accurate.

2.  **Term of Agreement.**  This Stipulation shall remain in effect until earlier of (a) the Effective Date of a confirmed Plan of Reorganization in this case, or (b) the occurrence of an Event of Default as defined in Section 5 below.  Zions' acceptance of a late payment shall constitute waiver of a default under section 5(a) below but shall not constitute waiver of any other type of default.

3.  **Adequate Protection Payments.** Beginning January 1, 2011 and on the first day of each month thereafter during the Term of this Stipulation, the Debtor shall make adequate protection payments to Zions in the amount of $6,122.99 ("Adequate Protection Payments").  Such payments may be made from Cash Collateral or other sources.  Zions may accept such payments regardless of the source thereof.  Zions acknowledges receipt of the payments due January 1 and February 1, 2011.

4.  **Use of Cash Collateral.** So long as no default has occurred under this Stipulation, Debtor may use any Cash Collateral of Zions except as set forth hereinbelow:

    a. Zions shall be entitled to file a motion for an administrative expense claim under sections 503(b) and 507(a)(1) of the Bankruptcy Code with the super-priority status pursuant to Bankruptcy Code section 507(b) to the extent Zions is not adequately protected with respect to the Debtor's use of Cash Collateral.

    b. The Debtor shall not be permitted to use Cash Collateral to object to, contest or modify the validity, perfection, priority, extent, or enforceability of any amount due or lien created under the Zions Bank's prepetition loan documents, to assert any action for avoidance power claims or any other claims or defenses granted Zions, to prevent, hinder or otherwise delay Zions' assertion, enforcement or realization on the Cash Collateral in accordance with this Stipulation, to pay any monies, compensation or otherwise to insiders of the Debtor without Zions' permission, or to pay any amount on account of any claims arising prior to the Petition Date, unless such payments on account of such pre-petition claims are approved by Zions.

**5.** **<u>Events of Default.</u>**  Any of the following shall constitute a default under this Stipulation:

    a. Debtor's failure to make any Adequate Protection Payment when due;

    b. Any default under the loan documents with Zions, including payment defaults, other than (i) failure to make principal and interest payments when due; (ii) a default resulting from Debtor's insolvency or the filing of this bankruptcy case; or (iii) a default resulting solely from Debtor's default under loan agreements with another lender;

    c. Debtor's failure to file any operating report, status report, or similar report required either by the Bankruptcy Court or the U.S. Trustee's Office, as and when due;

    d. Relief from stay granted to another creditor with a security interest in the Property;

     e. Reversal, vacatur, stay, amendment, supplementation or other modification of the Order approving this Stipulation (without Zions' express written consent); or

     f. Entry of an order by the Bankruptcy Court converting or dismissing the Debtor's Chapter 11 case.

**6.** **Remedy on Default.** If an Event of Default (as defined herein) occurs under the terms of this Order, the Zions may give written notice of any such default to the Debtor's counsel of record in the Case by hand delivery or facsimile (the "Default Notice").  The Debtor's rights to use Cash Collateral shall immediately cease after 10 business days have elapsed from the date of the Default Notice.  Notwithstanding the occurrence of a Event of Default under this Order, the Debtor shall be authorized to notice an expedited hearing in this Court on 10 or more business days' notice so that the Court can determine whether to authorize further use of Cash Collateral, and Zions shall cooperate with the Debtor in the setting of such hearing on shortened time.

**7.** **Existing Agreements Confirmed.**  This stipulation does not modify any rights or duties of the parties under the existing loan documents, including Zions' right to accrue interest at a default rate in the event the Adequate Protection Payments do not cover all current payment obligations of Debtor.

**8.** **Reservation of Rights.**    Except as specifically set forth herein, this Order is entered with an express reservation of rights by Zions and the Debtor to pursue any and all rights and remedies Zions and/or the Debtor may have under the Bankruptcy Code and/or state law including, but not limited to, Zions seeking the appointment of a trustee, an examiner, an examiner with expanded powers, adequate protection of Zions' security interests, relief from the automatic stay, or dismissal of this chapter 11 proceeding.  Nothing contained in this Order shall be deemed or construed to be an admission by Zions that Zions is adequately protected.

9. **Expenses of Preserving Property.** During the Term of this Stipulation, the Debtor may not recover any claim under 11 U.S.C. section 506(c) from Zions' Cash Collateral, the Property, or from any other property of the Debtor in which Zions holds a security interest, for any costs and expenses arising out of and/or pertaining to the Debtor's chapter 11 case.

10. **Property Inspections.** Zions and its authorized agents, including appraisers and environmental consultants, shall be authorized to enter the Property, upon twenty-four hours written notice to the Debtor during normal business hours, for the following purposes; (i) to prepare an appraisal of the Property; (ii) to prepare an environmental report; and (iii) to conduct an inspection of the Property.

11. **Court Approval Required.** This stipulation shall be binding on the parties only when and if it is approved by the Court.

**IN WITNESS WHEREOF**, the Parties hereto have caused this agreement to be duly executed by their respective authorized signatories.

Dated: 2/18/11

LAW OFFICES OF SUSANA B. TOLCHARD

By: /s/ Susana B. Tolchard
Susana B. Tolchard
Attorney for Debtor Suzanne Frank Gerbasi

**PARKINSON PHINNEY**

Dated: 2/22/11

By: /s/ Margaret E. Garms
Margaret E. Garms
Attorneys for Creditor Zions First National Bank

{8515\13552\MG\A0149581.DOC}    Stipulation for Use of Cash Collateral and Adequate Protection Payments

5

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Donna T. Parkinson, SBN 125574<br>Margaret E. Garms, SBN 84938<br>PARKINSON PHINNEY<br>400 Capitol Mall, 11th Floor<br>Sacramento, CA 95814<br>Tel. 916-449-1444  Fax 916-449-1440<br>e-mail donna@parkinsonphinney.com<br><br>*Attorney for* Zions First National Bank | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

In re:

SUZANNE FRANK GERBASI, aka SUZY FRANK

Debtor.

CHAPTER  11

CASE NUMBER  2:10-bk-64548-PC

DATE: 03/30/11
TIME: 9:30
COURTROOM: 1539

# STATEMENT PURSUANT TO LOCAL BANKRUPTCY RULE 4001-2
## (CASH COLLATERAL STIPULATIONS)
**(Secured Creditor:** Zions First National Bank **)**

The Debtor, through a separately filed motion, has requested the approval of a stipulation providing for the use of cash collateral, or post-petition financing, or both. Attached to the motion as Exhibit __1__ is a true and correct copy of the agreement for use of cash collateral or post-petition financing (the "Agreement"), which Agreement contains the following provisions:

| | **Description of Provision** | **Page No:** | **Line No. (If Applicable)** |
|---|---|---|---|
| ☐ | Cross-collateralization clauses | | |
| ☐ | Provisions or findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured party's lien or debt | | |
| ☐ | Provisions or findings of fact that bind the estate or all parties in interest with respect to the relative priorities of the secured party's lien and liens held by persons who are not party to the stipulation, or which create a lien senior or equal to any existing lien | | |
| ☐ | Waivers of 11 U.S.C. § 506(c), unless the waiver is effective only during the period in which the debtor is authorized to use cash collateral or borrow funds | | |
| ☐ | Provisions that operate, as a practical matter, to divest the debtor in possession of any discretion in the formulation of a plan or administration of the estate or to limit access to the court to seek any relief under other applicable provision of law | | |
| ☐ | Releases of liability for the creditor's alleged prepetition torts or breaches of contract | | |
| ☐ | Waivers of avoidance actions arising under the Bankruptcy Code | | |

(Continued on next page)

---

This form is optional. It has been approved for use by the U.S. Bankruptcy Court for the Central District of California.

*January 2009*

**F 4001-2**

Statement Pursuant to Local Bankruptcy Rule 4001-2 (Cash Collateral Stipulations) - *Page 2 of* ____  F 4001-2

| In re (SHORT TITLE) SUZANNE FRANK GERBASI, aka SUZY FRANK Debtor(s). | CHAPTER: 11 CASE NO.: 2:10-bk-64548-PC |
|---|---|

| | **Description of Provision** | Page No: | Line No. (If Applicable) |
|---|---|---|---|
| ☐ | Automatic relief from the automatic stay upon default, conversion to chapter 7, or appointment of a trustee | | |
| ☐ | Waivers of procedural requirements, including those for foreclosure mandated under applicable non-bankruptcy law, and for perfection of replacement liens | | |
| ☐ | Adequate protection provisions which create liens on claims for relief arising under 11 U.S.C. §§ 506(c), 544, 545, 547, 548 and 549 | | |
| ☐ | Waivers, effective on default or expiration, of the debtor's right to move for a court order pursuant to 11 U.S.C. § 363(c)(2)(B) authorizing the use of cash collateral in the absence of the secured party's consent | | |
| ☐ | Provisions that grant a lien in an amount in excess of the dollar amount of cash collateral authorized under the applicable cash collateral order | | |
| ☐ | Provisions providing for the paying down of prepetition principal owed to a creditor | | |
| ☐ | Findings of fact on matters extraneous to the approval process | | |

Dated: 02/22/11

Margaret E. Garms                                              /s/ Margaret E. Garms
*Type Name*                                                    *Signature*

This form is optional. It has been approved for use by the U.S. Bankruptcy Court for the Central District of California.

*January 2009*                                                                                 F 4001-2

Notice of Motion (with Hearing) - *Page 2*  F 9013-1.1

| In re | | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | /s/ Julie Raynova |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*  F 9013-1.1

Notice of Motion (With Hearing) - *Page 3*                                                                                         **F 9013-1.1**

| In re | | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                           **F 9013-1.1**