1 | Susana B. Tolchard (Bar No. 219889)
**Law Offices of Susana B. Tolchard**
2 | 25852 Mc Bean Parkway #209
Valencia, CA 91355
3 | Telephone:  (661) 287-9986
Facsimile:  (661) 414-7117
4 | susana@tolchardlaw.com

5 | Attorneys for Debtor
Suzanne Frank Gerbasi

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | LOS ANGELES DIVISION

11

12 | In re

13

14

15

16 | SUZANNE FRANK GERBASI,

17

18

19 | Debtor.

20

21

22

23

24

25

26

27

28

Case No. 2:10-bk-64548-PC

Chapter 11

**DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

**Disclosure Statement Hearing**

Date:  June 29, 2011
Time:  9:30 am
Place: 255 East Temple Street
       Los Angeles, CA 90012
       Courtroom 1539

LAW OFFICES
Susana B. Tolchard

DEBTOR'S CHAPTER 11 PLAN

# I. <u>INTRODUCTION</u>

On December 22, 2010, Suzanne Frank Gerbasi (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. § 101 et seq.  Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a Plan of Reorganization (the "Plan"). The Plan may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both.  The Debtor is the proponent (the "Proponent") of this Plan of Reorganization.

In summary, this Plan provides for payment to holders of allowed claims.  The timing of Plan payments to particular creditor groups will depend upon their classification under the Plan.  The Effective Date of the Plan shall be the first Business Day, (a) that is 11 calendar days after the Confirmation Date, or (b) at least one Business Day after the Confirmation Date, if the Bankruptcy Court enters an order making Bankruptcy Rule 7062 inapplicable to the proceedings respecting the Confirmation Order or otherwise determining that the Effective Date may occur immediately following confirmation.

A Disclosure Statement also accompanies this Plan.  The Disclosure Statement describes the Plan and provides additional information to enable creditors to make informed decisions about whether to vote for or against the Plan.

The following are the specific provisions of the Plan.


**I.**

**INTERPRETATIONS AND RULES OF CONSTRUCTION**

**Interpretation, Computation Of Time And Governing Law.**

- **Rules of Interpretation.**

For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any reference in the Plan to a contract, instrument, release or other agreement or

document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any references in the Plan to an existing document or Exhibit Filed or to be Filed means such document or Exhibit, as it may have been or may be amended, modified or supplemented; (d) unless otherwise specified in a particular reference, all references in the Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (e) the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; and (g) the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply.

- **Time Periods.**

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

- **Section Numbers.**

References in this Plan and the Disclosure Statement to a Code section are references to the United States Bankruptcy Code (Title 11 of the United States Code) except as otherwise indicated.

## II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

- **General Overview**

As required by the Bankruptcy Code, the Plan separates claims and interests into various categories and classes according to the nature and legal rights associated with such claims and interests.  The Plan designates which classes are impaired and which classes are unimpaired.  The Plan also describes the treatment each class will receive under the Plan. The Proponent will ask the Bankruptcy Court to confirm this Plan pursuant to 11 U.S.C. §

LAW OFFICES
Susana B. Tolchard

DEBTOR'S CHAPTER 11 PLAN

1129(b) on any impaired classes if any of these classes do not vote to accept the Plan and if the Plan can otherwise be confirmed, notwithstanding the lack of acceptance by the Shareholders.

- **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead, they are unclassified. Holders of unclassified claims not considered impaired and not entitled to vote on the Plan; rather the holders of unclassified, unimpaired claims and interests are automatically entitled to specific treatment provided for them in the Bankruptcy Code.

The following categories of claims are neither classified nor impaired under the Plan and are not entitled to vote on the Plan.

- **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case that are allowed under Bankruptcy Code Section 507(a)(1). The Bankruptcy Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment. The following is an estimate of the Section 507(a)(1) administrative claims that will be incurred and unpaid (net of any retainers received) through the Effective Date of the Plan and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Susana B. Tolchard (Attorney for the Debtor) | $20,000 (estimated). This balance is net of the pre-petition retainer received of $5,000. | Paid on the later of (a) Effective Date of Plan or (b) Court approval of requested fees. |
| Clerk's Office Fees | $0 (estimated | Paid when due |
| Office of the U.S. Trustee Fees | $250 - $750 per quarter (estimated) | Quarterly fees, as required by 28 U.S.C. § 1930(a)(6), shall be paid until a final decree is entered or the case is dismissed or converted. |
| TOTAL | $20,000 | |

LAW OFFICES
Susana B. Tolchard

Court Approval of Fees Required:

Requests by professionals for payment of fees and costs are generally subject to review and approval by the Court. Fees of the Court Clerk and the Office of the United States Trustee are not subject to Court approval and may be paid in the ordinary course of business when due.

- **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the date of the Plan. The Debtor does not believe that there are any unpaid tax claims at this time.

- **Classified Claims And Interests**

**Class 1 -** *Secured Claim of Zions First National Bank*

Claim/Collateral: Zions First National Bank has an estimated claim, according to its Proof of Claim, of $967,321.74 which is secured by a first priority deed of trust on the Debtor's commercial property at 1422 Abbot Kinney Blvd, Venice, CA 90291 (the "Abbot Kinney Property").

Impaired/Not Impaired: The Class 1 Claim is unimpaired under the Plan.

Treatment: The obligation of the Debtor to Zions First National bank will be paid according to its original terms, i.e., monthly installments of $6,122.99. The Debtor is current on this loan.

Comments: The Abbot Kinney was purchased by the Debtor in or about 2005 for $1,150,000. The Debtor estimates its present value at $1,600,000.


**Class 2 -** *Secured Claim of Bay Area Financial Corporation*

Claim/Collateral: Bay Area Financial Corporation has an estimated claim of approximately $469,909.80, according to its Proof of Claim, which is secured by a second priority

DEBTOR'S CHAPTER 11 PLAN

deed of trust on the Debtor's commercial property located at 1422 Abbot Kinney Blvd., Venice, CA 90291 (the "Abbot Kinney Property").

Impaired/Not Impaired: The Class 2 Claim is impaired under the Plan.

Treatment: The obligation of the Debtor to Bay Area Financial Corporation will be paid the total amount of its allowed claim estimated at $496,141.08 as follows: Payments will be amortized over 30 years, all due in five years. Debtor will pay Bay Area Financial monthly interest only payments of $4,400 for the first 59 months beginning on the 15th day of the first full month after the Effective Date and then on the 15th day of each subsequent month. Interest rate at 6% fixed, or such other rate of interest rate as is necessary to comply with 11 U.S.C. §1129(b)(2)(A)(i)(ii). A balloon payment of the balance of the principal amount plus accrued, unpaid interest will mature and all will be due and payable on the 15th day of the 60th month. The principal balance amount may be prepaid at any time without penalty.

Comments: The Abbot Kinney Property was purchased by the Debtor in or about 2005 for $1,150,000. The Debtor's wholly-owned corporation, Abbot Kinney Real Estate, has occupied the commercial property since it was purchased. Debtor has made the mortgage payments which were current for approximately five years prior to 2010 when the payments went into default when the note came due in full. The Debtor estimates the present value at $1,600,000.


**Class 3**-*Secured Claim of James Landon*

Claim/Collateral: James Landon has an estimated claim of $150,000, which is secured by a third priority deed of trust on the Debtor's commercial property at 1422 Abbot Kinney Blvd, Venice, CA 90291 (the "Abbot Kinney Property"). Creditor has not filed a proof of claim.

Impaired/Not Impaired: The Class 3 Claim is unimpaired under the Plan.

Treatment: The obligation of the Debtor to James Landon will be paid according to its original terms. No monthly payments are due on this loan. The Debtor is current on this loan. Creditor will be paid in the event of the sale or refinance of the property

Comments:

LAW OFFICES
Susana B. Tolchard

DEBTOR'S CHAPTER 11 PLAN

1

**Class 4 -** *Secured Claim of the Los Angeles County Tax Assessor*

2

Claim/Collateral:  The Los Angeles County Tax Assessor has an estimated claim of

3

$9,823.05 according to its proof of claim on the Milwood Property.

4

Impaired/Not Impaired:  The Class 4 Claim is unimpaired under the Plan.

5

Treatment: The obligation of the Debtor to Los Angeles County has been paid in full. If

6

any taxes are owed to the Los Angeles County Tax Assessor on the Effective Date, they will be

7

paid on that date.

8

Comments:

9

**Class 5**-*Secured Claim of OneWest Bank FSB*

10

11

Claim/Collateral:   OneWest Bank FSB has an estimated claim of approximately

12

$999,358.30, according to its Proof of Claim, which is secured by a first priority deed of trust on

13

the Debtor's residential property located at 70754 Fairway Dr., Rancho Mirage, CA 92270.

14

Impaired/Not Impaired: The Class 5 Claim is unimpaired under the Plan.

15

Treatment: The obligation of the Debtor to OneWest Bank FSB will be paid according to

16

its original terms, i.e. monthly installments of $5,729.00.  Debtor is current with this loan.

17

18

**Class 6**-*Secured Claim of Mercedes Benz Financial Services USA*

19

Claim/Collateral: Mercedes Benz Financial Services USA has an estimated claim of

20

approximately $15,134.14, according to its proof of claim, which is secured by a purchase money

21

lien on Debtor's vehicle.

22

Impaired/Not Impaired: The Class 6 Claim is unimpaired under the Plan.

23

Treatment: The obligation of the Debtor to Mercedes Benz Financial Services USA will be

24

paid according to its original terms, i.e. monthly installments of $300.00.  Debtor is current with

25

this loan.

26

**Class 7** – *Priority Unsecured Claims*

27

28

LAW OFFICES
Susana B. Tolchard

DEBTOR'S CHAPTER 11 PLAN

<u>Claims:</u> Certain priority claims specified in Sections 507(a)(3), (4), (5), (6), and (7) of the Bankruptcy Code are required to be classified in the Plan.  Each class of priority claims must be paid in cash in full on the Effective Date of the Plan unless the holders of such claims vote, as a class, to accept deferred payments.  In the present case, the Debtor estimates that there are no such priority claims.  However, if such claims arise they will be treated as follows:

<u>Impaired/Not Impaired:</u>  Class 7 Allowed Priority Claims are not impaired under the Plan.

<u>Treatment:</u>      On the Effective Date, the holders of Class 7 Priority Claims will be paid in cash in full the allowed amount of each Class 4 Priority Claim.

## **Class 8** – *Unsecured Claims*

<u>Claims:</u> General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  In the present case, the Debtor estimates that there are two unsecured creditors who are owed approximately $12,908.85.  This class also will include any deficiency claim of Chase Auto Finance relating to the 2006 Mercedes Benz which has been returned to the creditor.

<u>Impaired/Not Impaired:</u> Class 8 Allowed General Unsecured Claims are impaired under the Plan.

<u>Treatment:</u> Holders of General Unsecured Claims will be paid pro-rata the sum of $270.00 per month for months 13 through 60 for a total of $12,960.00.

## **Class of Interest Holders**

### **Class 9** – <u>Debtor</u>

The Debtor will retain her ownership interest in her properties.

/ / /

/ / /

/ / /

/ / /

/ / /

LAW OFFICES
Susana B. Tolchard

### III.

## MEANS OF PERFORMING THE PLAN

- **Funding for the Plan**

*1. Funding The Plan*

The Debtor intends to make the payments required under the Plan from the following categories as indicated:

☒    **A.    Available Cash.** Debtor projects $ <u>30,000.00</u> cash will be available on the date of the Confirmation Hearing.

☒    **B.    Future disposable income.** Debtor calculates Debtor's projected monthly disposable income for the <u>5</u> – year period following confirmation will be <u>$2,322.93</u>. This is based on projected monthly income of $ <u>33,537.54</u> and expenses of $ <u>31,250.61</u> set forth on Debtor's Declarations of Current/Post-Petition Income and Expenses (Local Bankruptcy Rule Form 3015-1.20), which have been prepared as of May 12, 2011 and are attached hereto as **Exhibit B**.

This projection is consistent with (i) Debtor's average monthly income for the six months prior to this case of $<u>27,377.00,</u> as set forth in Debtor's Statement of Current Monthly Income (Official Bankruptcy Form 22B) filed with this court and (ii) average monthly income of $<u>32,117.62</u> and average monthly expenses (excluding professional expenses and fees incurred in this bankruptcy case) of $<u>27,381.23</u> during the <u>four</u> months since the petition date (based on monthly operating statements filed with the Court), except such differences explained as follows:

_____

_____

_____

Upon request, Debtor will provide copies of the Statement of Current Monthly Income and/or monthly operating statements.

///

///

///

DEBTOR'S CHAPTER 11 PLAN

### 2.  Management of the Reorganized Debtor

The Debtor will continue to work operating her real estate business.

### 3.   Distributions

Cash payments made pursuant to the Plan shall be in U.S. dollars by checks drawn on domestic bank.  Notwithstanding any other provisions of the Plan, no distributions will be made on account of claims in de minimis amounts of less than $50.00.

Any distributions under the Plan that are unclaimed or undeliverable for a period of six (6) months after distribution thereof shall be revested in the Reorganized Debtor, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution shall be extinguished and forever barred

### IV.

## TREATMENT OF MISCELLANEOUS ITEMS

**Executory Contracts and Unexpired Leases**

- **Assumptions**

The Debtor does not believe that she has any executory contracts or leases.  To the extent necessary, the Debtor will assume the tenant leases of her real property.

The Debtor reserves the right to modify the Plan to designate additional contracts or leases to be assumed at any time prior to the hearing on Confirmation of the Plan.

On the Effective Date, each of the unexpired leases and executory contracts so designated shall be assumed as obligations of the Reorganized Debtor.  The Confirmation Order shall constitute an Order approving the assumption of each lease and contract.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  See Disclosure Statement for the specific date.

1      • **Rejections**

2           Any unexpired lease or executory contract not expressly rejected shall be deemed

3  assumed as of the Effective Date.  The Debtor reserves the right to modify the Plan to

4  designate certain contracts or leases for rejection at any time prior to the hearing on

5  confirmation of the Plan.

6           The order confirming the Plan shall constitute an order approving the rejection of

7  such leases and contracts.  If you are a party to a contract or lease to be rejected and you

8  object to the rejection of your contract or lease, you must file and serve your objection to

9  the Plan within the deadline for objecting to the confirmation of the Plan.  See Disclosure

10  Statement for the specific date.

11           THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM

12  ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY DAYS

13  AFTER THE EFFECTIVE DATE.  Any claim based on the rejection of an executory

14  contract or unexpired lease will be barred if the proof of claim is not timely filed, unless

15  the Court later orders otherwise.

16

17                              **V.**

18      **CHANGES IN RATES SUBJECT TO REGULATORY COMMISSION**

19                          **APPROVAL**

20           The Debtor is not subject to governmental regulatory commission approval of her

21  rates.

22           • **Retention of Jurisdiction.**

23  The    Court    will    retain    jurisdiction    to    the    fullest    extent    provided    by    law.

24  ///

25  ///

26  ///

27  ///

28

LAW OFFICES
Susana B. Tolchard

DEBTOR'S CHAPTER 11 PLAN

1

**VI.**

2

**EFFECT OF CONFIRMATION OF PLAN**

3

- **Discharge**

4

This Plan provides that the Debtor shall be discharged of liability for payment of

5

debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. § 1141.

6

However, the discharge will not discharge any liability imposed by the Plan.  The

7

discharge will not be entered until the Debtor has made all of the payments required to be

8

made to the Class 7 creditors under the plan.

9

- **Revesting of Property in the Debtor**

10

From and after the Effective Date, the Reorganized Debtor may operate and may

11

use, acquire, and dispose of property, and compromise and settle any claims or causes of

12

actions without supervision or consent of the Bankruptcy Court and is free of any

13

restrictions of the Bankruptcy Code or Bankruptcy Rules.

14

The Reorganized Debtor shall have, retain, reserve and be entitled to assert all

15

claims, causes of action, including, but not limited to, rights of setoff and other legal or

16

equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if

17

the Debtor's bankruptcy case had not been commenced; and all of the Reorganized

18

Debtor's legal and equitable rights respecting any such claim which is not specifically

19

waived, extinguished, relinquished or transferred by the Plan may be asserted after the

20

Effective Date.

21

- **Modification of Plan**

22

The Debtor may modify the Plan at any time before confirmation.  However, the

23

Court may require a new disclosure statement and/or revoting on the Plan if the Proponents

24

modify the Plan before confirmation unless certain exceptions apply.

25

The Proponent may also seek to modify the Plan at any time after confirmation so

26

long as (1) the Plan has not been substantially consummated <u>and</u> (2) if the Court authorizes

27

the proposed modifications after notice and a hearing.

28

LAW OFFICES
Susana B. Tolchard

DEBTOR'S CHAPTER 11 PLAN

1

2    • **Post-Confirmation Employment and Compensation of**

3    **Reorganized Debtor's Professionals**

4    After the Confirmation Date, the Reorganized Debtor may employ, without notice,

5    hearing, or order of the Bankruptcy Court, such attorneys, accountants, and other

6    professionals (the "Post-confirmation Professionals") as it may desire to render services on

7    such terms as it deems reasonable.  With respect to services rendered by the Post-

8    confirmation Professionals, the Reorganized Debtor shall be authorized to pay for such

9    services, related costs, and expenses without notice, hearing, or order of the Bankruptcy

10    Court.

11    • **Post-Confirmation Status Report**

12    Within 120 days of the entry of the order confirming the Plan, the Proponent shall

13    file a status report with the Court explaining what progress has been made toward

14    consummation of the confirmed Plan.  The status report shall be served on the United

15    States Trustee, the twenty largest unsecured creditors, and those parties who have

16    requested special notice.  Further status reports shall be filed every 120 days and served on

17    the same entities, until the entry of a final decree and the closing of the case.

18    • **Post-Confirmation Conversion/Dismissal**

19    A creditor or party in interest may bring a motion to convert or dismiss the case

20    under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If

21    the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all

22    property that had been property of the Chapter 11 estate, and that has not been disbursed

23    pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be

24    reimposed upon the revested property only to the extent that relief from stay was not

25    previously granted by the Court during this case.

26    • **Final Decree**

27    Once the estate has been fully administered as referred to in Bankruptcy Rule 3022,

28

1   the Proponent, or such other party as the Court shall designate in the Confirmation Order,

2   shall file a motion with the Court to obtain a final decree to close the case.

3

4   Date:   ___May 12, 2011_____

5

6          Suzanne Frank Gerbasi_____
           Name of Plan Proponent
7
           /s/  Susana B. Tolchard_____
8          Signature of Attorney for Plan Proponent

9
           Susana B. Tolchard_____
10         Attorney for Plan Proponent

11
           Law Office of Susana B. Tolchard_____
12         Name of Law Firm for Plan Proponent

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  25852 Mc Bean Parkway #209, Valencia, CA 91355.

The foregoing document described as **DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **5/13/2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| John P Byrne | John.Byrne@byrnelaw.biz |
| Russell Clementson | russell.clementson@usdoj.gov |
| Christine M Fitzgerald | cfitzgerald@scckg.com |
| Margaret E Garms | margaret@parkinsonphinney.com |
| M Jonathan Hayes | jhayes@polarisnet.net |
| Christopher Hoo | choo@millerlaw.biz |
| Randall P Mroczynski | randym@cookseylaw.com |
| Donna T Parkinson | donna@parkinsonphinney.com |
| Timothy J Silverman | tim@sgsslaw.com |
| Susana B Tolchard | susana@tolchardlaw.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **5/13/2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Hon. Peter H. Carroll**
US Bankruptcy Court
255 East Temple Street, Suite 1534
Los Angeles, CA 90012

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ------/2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/13/2011 | Susana B. Tolchard | /s/ Susana B. Tolchard |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

LAW OFFICES
Susana B. Tolchard

DEBTOR'S CHAPTER 11 PLAN