1  Susana B. Tolchard (Bar No. 219889)
   **Law Offices of Susana B. Tolchard**
2  25852 Mc Bean Parkway #209
   Valencia, CA 91355
3  Telephone: (661) 287-9986
   Facsimile: (661) 414-7117
4  susana@tolchardlaw.com

5  Attorneys for Debtor/Debtor-in-Possession
   Suzanne Frank Gerbasi
6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   LOS ANGELES DIVISION

11

12  In re                        )   Case No. 2:10-bk-64548-PC
                                 )
13                               )   Chapter 11
                                 )
14                               )
                                 )   **DEBTOR'S FIRST AMENDED**
15                               )   **CHAPTER 11 PLAN OF**
                                 )   **REORGANIZATION**
16      SUZANNE FRANK GERBASI,   )
                                 )
17                               )
                                 )   **Plan Confirmation Hearing**
18                               )
                                 )   Date: August 31, 2011
19                               )   Time: 9:30 am
                   Debtor.       )   Place: 255 East Temple Street
20                               )          Los Angeles, CA 90012
                                 )          Courtroom 1539
21                               )
                                 )
22                               )
                                 )
23  ─────────────────────────────)

24

25

26

27

28

                                                    DEBTOR'S CHAPTER 11 PLAN

LAW OFFICES
Susana B. Tolchard

                                1

# I. INTRODUCTION

On December 22, 2010, Suzanne Frank Gerbasi (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. § 101 et seq. Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a Plan of Reorganization (the "Plan"). The Plan may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both. The Debtor is the proponent (the "Proponent") of this Plan of Reorganization.

In summary, this Plan provides for payment to holders of allowed claims. The timing of Plan payments to particular creditor groups will depend upon their classification under the Plan. The Effective Date of the Plan shall be the first Business Day, (a) that is 11 calendar days after the Confirmation Date, or (b) at least one Business Day after the Confirmation Date, if the Bankruptcy Court enters an order making Bankruptcy Rule 7062 inapplicable to the proceedings respecting the Confirmation Order or otherwise determining that the Effective Date may occur immediately following confirmation.

A Disclosure Statement also accompanies this Plan. The Disclosure Statement describes the Plan and provides additional information to enable creditors to make informed decisions about whether to vote for or against the Plan.

The following are the specific provisions of the Plan.

## I.

## INTERPRETATIONS AND RULES OF CONSTRUCTION

### Interpretation, Computation Of Time And Governing Law.

- **Rules of Interpretation.**

For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any reference in the Plan to a contract, instrument, release or other agreement or

1  document being in a particular form or on particular terms and conditions means that such
2  document shall be substantially in such form or substantially on such terms and conditions;
3  (c) any references in the Plan to an existing document or Exhibit Filed or to be Filed means
4  such document or Exhibit, as it may have been or may be amended, modified or
5  supplemented; (d) unless otherwise specified in a particular reference, all references in the
6  Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of
7  or to the Plan; (e) the words "herein," "hereof," "hereto," "hereunder" and others of similar
8  import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (f)
9  captions and headings to Articles and Sections are inserted for convenience of reference
10 only and are not intended to be a part of or to affect the interpretation of the Plan; and (g)
11 the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply.

- **Time Periods.**

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

- **Section Numbers.**

References in this Plan and the Disclosure Statement to a Code section are references to the United States Bankruptcy Code (Title 11 of the United States Code) except as otherwise indicated.

## II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

- **General Overview**

As required by the Bankruptcy Code, the Plan separates claims and interests into various categories and classes according to the nature and legal rights associated with such claims and interests. The Plan designates which classes are impaired and which classes are unimpaired. The Plan also describes the treatment each class will receive under the Plan. The Proponent will ask the Bankruptcy Court to confirm this Plan pursuant to 11 U.S.C. §

DEBTOR'S CHAPTER 11 PLAN

1129(b) on any impaired classes if any of these classes do not vote to accept the Plan and if the Plan can otherwise be confirmed, notwithstanding the lack of acceptance by the Shareholders.

- **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead, they are unclassified. Holders of unclassified claims not considered impaired and not entitled to vote on the Plan; rather the holders of unclassified, unimpaired claims and interests are automatically entitled to specific treatment provided for them in the Bankruptcy Code.

The following categories of claims are neither classified nor impaired under the Plan and are not entitled to vote on the Plan.

- **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case that are allowed under Bankruptcy Code Section 507(a)(1). The Bankruptcy Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment. The following is an estimate of the Section 507(a)(1) administrative claims that will be incurred and unpaid (net of any retainers received) through the Effective Date of the Plan and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|---|---|---|
| Susana B. Tolchard (Attorney for the Debtor) | $20,000 (estimated). This balance is net of the pre-petition retainer received of $5,000. | Paid on the later of (a) Effective Date of Plan or (b) Court approval of requested fees. |
| Clerk's Office Fees | $0 (estimated) | Paid when due |
| Office of the U.S. Trustee Fees | $250 - $750 per quarter (estimated) | Quarterly fees, as required by 28 U.S.C. § 1930(a)(6), shall be paid until a final decree is entered or the case is dismissed or converted. |
| TOTAL | $20,000 | |

DEBTOR'S CHAPTER 11 PLAN

Court Approval of Fees Required:

Requests by professionals for payment of fees and costs are generally subject to review and approval by the Court. Fees of the Court Clerk and the Office of the United States Trustee are not subject to Court approval and may be paid in the ordinary course of business when due.

- **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the date of the Plan. The Debtor does not believe that there are any unpaid tax claims at this time.

- **Classified Claims And Interests**

### Class 1 - Secured Claim of Zions First National Bank

Claim/Collateral: Zions First National Bank has an estimated claim, according to its Proof of Claim, of $967,321.74 which is secured by a first priority deed of trust on the Debtor's commercial property at 1422 Abbot Kinney Blvd. Venice, CA 90291 (the "Abbot Kinney Property").

Impaired/Not Impaired: The Class 1 Claim is unimpaired under the Plan.

Treatment: The obligation of the Debtor to Zions First National bank will be paid according to its original terms, i.e., monthly installments of $6,122.99. The Debtor is current on this loan.

Comments: The Abbot Kinney was purchased by the Debtor in or about 2005 for $1,150,000. The Debtor estimates its present value at $1,600,000.

### Class 2 - Secured Claim of Bay Area Financial Corporation

Claim/Collateral: Bay Area Financial Corporation has an estimated claim of approximately $469,909.80, according to its Proof of Claim, which is secured by a second priority

deed of trust on the Debtor's commercial property located at 1422 Abbot Kinney Blvd., Venice, CA 90291 (the "Abbot Kinney Property").

Impaired/Not Impaired: The Class 2 Claim is impaired under the Plan.

Treatment: The obligation of the Debtor to Bay Area Financial Corporation will be paid the total amount of its allowed claim estimated at $496,141.08 as follows: Payments will be amortized over 30 years, all due in five years. Debtor will pay Bay Area Financial monthly interest only payments of $4,400 for the first 59 months beginning on the 15th day of the first full month after the Effective Date and then on the 15th day of each subsequent month. Interest rate at 6% fixed, or such other rate of interest rate as is necessary to comply with 11 U.S.C. §1129(b)(2)(A)(i)(ii). A balloon payment of the balance of the principal amount plus accrued, unpaid interest will mature and all will be due and payable on the 15th day of the 60th month. The principal balance amount may be prepaid at any time without penalty.

Comments: The Abbot Kinney Property was purchased by the Debtor in or about 2005 for $1,150,000. The Debtor's wholly-owned corporation, Abbot Kinney Real Estate, has occupied the commercial property since it was purchased. Debtor has made the mortgage payments which were current for approximately five years prior to 2010 when the payments went into default when the note came due in full. The Debtor estimates the present value at $1,600,000.

### Class 3-Secured Claim of James Landon

Claim/Collateral: James Landon has an estimated claim of $150,000, which is secured by a third priority deed of trust on the Debtor's commercial property at 1422 Abbot Kinney Blvd, Venice, CA 90291 (the "Abbot Kinney Property"). Creditor has not filed a proof of claim.

Impaired/Not Impaired: The Class 3 Claim is unimpaired under the Plan.

Treatment: The obligation of the Debtor to James Landon will be paid according to its original terms. No monthly payments are due on this loan. The Debtor is current on this loan. Creditor will be paid in the event of the sale or refinance of the property

Comments:

DEBTOR'S CHAPTER 11 PLAN

LAW OFFICES
Susana B. Tolchard

**Class 4 - *Secured Claim of the Los Angeles County Tax Assessor***

Claim/Collateral: The Los Angeles County Tax Assessor has an estimated claim of $9,823.05 according to its proof of claim on the Milwood Property.

Impaired/Not Impaired: The Class 4 Claim is unimpaired under the Plan.

Treatment: The obligation of the Debtor to Los Angeles County has been paid in full. If any taxes are owed to the Los Angeles County Tax Assessor on the Effective Date, they will be paid on that date.

Comments:

**Class 5-*Secured Claim of OneWest Bank FSB***

Claim/Collateral: OneWest Bank FSB has an estimated claim of approximately $999,358.30, according to its Proof of Claim, which is secured by a first priority deed of trust on the Debtor's residential property located at 70754 Fairway Dr., Rancho Mirage, CA 92270.

Impaired/Not Impaired: The Class 5 Claim is unimpaired under the Plan.

Treatment: The obligation of the Debtor to OneWest Bank FSB will be paid according to its original terms, i.e. monthly installments of $5,729.00. Debtor is current with this loan.

**Class 6-*Secured Claim of Mercedes Benz Financial Services USA***

Claim/Collateral: Mercedes Benz Financial Services USA has an estimated claim of approximately $15,134.14, according to its proof of claim, which is secured by a purchase money lien on Debtor's vehicle.

Impaired/Not Impaired: The Class 6 Claim is unimpaired under the Plan.

Treatment: The obligation of the Debtor to Mercedes Benz Financial Services USA will be paid according to its original terms, i.e. monthly installments of $300.00. Debtor is current with this loan.

**Class 7 – *Priority Unsecured Claims***

1      <u>Claims:</u> Certain priority claims specified in Sections 507(a)(3), (4), (5), (6), and (7) of the
2  Bankruptcy Code are required to be classified in the Plan. Each class of priority claims must be
3  paid in cash in full on the Effective Date of the Plan unless the holders of such claims vote, as a
4  class, to accept deferred payments. In the present case, the Debtor estimates that there are no such
5  priority claims. However, if such claims arise they will be treated as follows:
6      <u>Impaired/Not Impaired:</u> Class 7 Allowed Priority Claims are not impaired under the Plan.
7      <u>Treatment:</u>    On the Effective Date, the holders of Class 7 Priority Claims will be paid in
8  cash in full the allowed amount of each Class 4 Priority Claim.

**Class 8 – <u>Unsecured Claims</u>**

11      <u>Claims:</u> General unsecured claims are unsecured claims not entitled to priority under Code
12  Section 507(a). In the present case, the Debtor estimates that there are two unsecured creditors
13  who are owed approximately $24,132.06.
14      <u>Impaired/Not Impaired:</u> Class 8 Allowed General Unsecured Claims are impaired under
15  the Plan.
16      <u>Treatment:</u> Holders of General Unsecured Claims will be paid pro-rata the sum of $270.00
17  per month for months 13 through 60 for a total of $12,960.00.

**Class of Interest Holders**

**Class 9 – Debtor**

21  The Debtor will retain her ownership interest in her properties.
22  ///
23  ///
24  ///
25  ///
26  ///

DEBTOR'S CHAPTER 11 PLAN

## III.

## MEANS OF PERFORMING THE PLAN

- **Funding for the Plan**

   *1. Funding The Plan*

The Debtor intends to make the payments required under the Plan from the following categories as indicated:

☒    **A.**    **Available Cash.** Debtor projects $ <u>30,000.00</u> cash will be available on the date of the Confirmation Hearing.

☒    **B.**    **Future disposable income.** Debtor calculates Debtor's projected monthly disposable income for the <u>5</u> – year period following confirmation will be <u>$2,322.93</u>. This is based on projected monthly income of $ <u>33,537.54</u> and expenses of $ <u>31,250.61</u> set forth on Debtor's Declarations of Current/Post-Petition Income and Expenses (Local Bankruptcy Rule Form 3015-1.20), which have been prepared as of May 12, 2011 and are attached hereto as **Exhibit B**.

This projection is consistent with (i) Debtor's average monthly income for the six months prior to this case of $<u>27,377.00</u>, as set forth in Debtor's Statement of Current Monthly Income (Official Bankruptcy Form 22B) filed with this court and (ii) average monthly income of $<u>32,117.62</u> and average monthly expenses (excluding professional expenses and fees incurred in this bankruptcy case) of $<u>27,381.23</u> during the <u>four</u> months since the petition date (based on monthly operating statements filed with the Court), except such differences explained as follows:

_____

_____

_____

Upon request, Debtor will provide copies of the Statement of Current Monthly Income and/or monthly operating statements.

///

///

///

DEBTOR'S CHAPTER 11 PLAN

### 2. *Management of the Reorganized Debtor*

The Debtor will continue to work operating her real estate business.

### 3. *Distributions*

Cash payments made pursuant to the Plan shall be in U.S. dollars by checks drawn on domestic bank. Notwithstanding any other provisions of the Plan, no distributions will be made on account of claims in de minimis amounts of less than $50.00.

Any distributions under the Plan that are unclaimed or undeliverable for a period of six (6) months after distribution thereof shall be revested in the Reorganized Debtor, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution shall be extinguished and forever barred

## IV.

## TREATMENT OF MISCELLANEOUS ITEMS

**Executory Contracts and Unexpired Leases**

- **Assumptions**

The Debtor does not believe that she has any executory contracts or leases. To the extent necessary, the Debtor will assume the tenant leases of her real property.

The Debtor reserves the right to modify the Plan to designate additional contracts or leases to be assumed at any time prior to the hearing on Confirmation of the Plan.

On the Effective Date, each of the unexpired leases and executory contracts so designated shall be assumed as obligations of the Reorganized Debtor. The Confirmation Order shall constitute an Order approving the assumption of each lease and contract. If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

DEBTOR'S CHAPTER 11 PLAN

LAW OFFICES
Susana B. Tolchard

- **Rejections**

Any unexpired lease or executory contract not expressly rejected shall be deemed assumed as of the Effective Date. The Debtor reserves the right to modify the Plan to designate certain contracts or leases for rejection at any time prior to the hearing on confirmation of the Plan.

The order confirming the Plan shall constitute an order approving the rejection of such leases and contracts. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY DAYS AFTER THE EFFECTIVE DATE. Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

## V.

## CHANGES IN RATES SUBJECT TO REGULATORY COMMISSION APPROVAL

The Debtor is not subject to governmental regulatory commission approval of her rates.

- **Retention of Jurisdiction.**

The Court will retain jurisdiction to the fullest extent provided by law.

///
///
///
///

LAW OFFICES
Susana B. Tolchard

DEBTOR'S CHAPTER 11 PLAN

# VI.

# EFFECT OF CONFIRMATION OF PLAN

- **Discharge**

This Plan provides that the Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. § 1141. However, the discharge will not discharge any liability imposed by the Plan. The discharge will not be entered until the Debtor has made all of the payments required to be made to the Class 7 creditors under the plan.

- **Revesting of Property in the Debtor**

From and after the Effective Date, the Reorganized Debtor may operate and may use, acquire, and dispose of property, and compromise and settle any claims or causes of actions without supervision or consent of the Bankruptcy Court and is free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

The Reorganized Debtor shall have, retain, reserve and be entitled to assert all claims, causes of action, including, but not limited to, rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if the Debtor's bankruptcy case had not been commenced; and all of the Reorganized Debtor's legal and equitable rights respecting any such claim which is not specifically waived, extinguished, relinquished or transferred by the Plan may be asserted after the Effective Date.

- **Modification of Plan**

The Debtor may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan if the Proponents modify the Plan before confirmation unless certain exceptions apply.

The Proponent may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated and (2) if the Court authorizes the proposed modifications after notice and a hearing.

- **Post-Confirmation Employment and Compensation of Reorganized Debtor's Professionals**

After the Confirmation Date, the Reorganized Debtor may employ, without notice, hearing, or order of the Bankruptcy Court, such attorneys, accountants, and other professionals (the "Post-confirmation Professionals") as it may desire to render services on such terms as it deems reasonable. With respect to services rendered by the Post-confirmation Professionals, the Reorganized Debtor shall be authorized to pay for such services, related costs, and expenses without notice, hearing, or order of the Bankruptcy Court.

- **Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, the Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities, until the entry of a final decree and the closing of the case.

- **Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

- **Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022,

DEBTOR'S CHAPTER 11 PLAN

LAW OFFICES
Susana B. Tolchard

13

the Proponent, or such other party as the Court shall designate in the Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date: _____July 18, 2011_____

Suzanne Frank Gerbasi
Name of Plan Proponent

/s/ Susana B. Tolchard
Signature of Attorney for Plan Proponent

Susana B. Tolchard
Attorney for Plan Proponent

Law Office of Susana B. Tolchard
Name of Law Firm for Plan Proponent

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 25852 Mc Bean Parkway #209, Valencia, CA 91355.

The foregoing document described as **DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 7/18/2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**XXX SEE ATTACHED LIST**

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On 7/18/2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**XXX SEE ATTACHED LIST**

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ------/2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/18/2011 | Susana B. Tolchard | /s/ Susana B. Tolchard |
|---|---|---|
| Date | Type Name | Signature |

LAW OFFICES
Susana B. Tolchard

DEBTOR'S CHAPTER 11 PLAN

ATTACHMENT CONTINUED...

## SECTION I SERVED VIA "NEF"

**United States Trustee Office**

United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov

**Attorney for United States Trustee**

| | |
|---|---|
| Kenneth G. Lau | Kenneth.g.lau@usdoj.gov |
| Queenie K Ng | queenie.k.ng@usdoj.gov |

**Debtor's Counsel**

Susana B Tolchard    susana@tolchardlaw.com

**Creditor's Representatives and Other Interested Parties**

| | |
|---|---|
| John P Byrne | John.Byrne@byrnelaw.biz |
| Margaret E Garms | margaret@parkinsonphinney.com |
| M Jonathan Hayes | jhayes@polarisnet.net; roksana@hayesbklaw.com elizabeth@hayesbklaw.com |
| Christopher Hoo | choo@millerlaw.biz |
| Randall P Mroczynski | randym@cookseylaw.com |
| Lora Osborne | lora.l.osborne@wellsfargo.com |
| Donna T Parkinson | donna@parkinsonphinney.com |
| Timothy J Silverman | tim@sgsslaw.com |

## SECTION II SERVED VIA US MAIL

**Debtor**

Suzanne Frank Gerbasi
1615 Crescent Place
Venice, CA 90291

**Creditors**

Bay Area Financial
12400 Wilshire Blvd., Suite 230
Los Angeles, CA 90025

Bay Area Financial Corp.
c/o UTLS Default Services, LLP
P.O. Box 5899
Irvine, CA 92616-5899

Chase Bank USA, N.A.
P.O. Box 15145
Wilmington, DE 19850-5145

DEBTOR'S CHAPTER 11 PLAN

Case 2:10-bk-64548-PC    Doc 72    Filed 07/19/11    Entered 07/19/11 00:05:06    Desc
Main Document    Page 17 of 18

**SECTION II SERVED VIA US MAIL continued**

Chase Card Services
P.O. Box 94010
Palatine, IL 60094

Chase Finance
P.O. Box 78067
Phoenix, AZ 85062-8068

c/o Mary Lautenbach
Chase Auto Finance, AZ1-1191
201 N. Central Avenue
Phoenix, AZ 85004-0073

Craig Tanimoto
214 Carroll Canal
Venice, CA 90291

Eyal Hollinger
1332 Amherst Ave.
Los Angeles, CA 90025

IndyMac Mortgage Services
P.O. Box 78826
Phoenix, AZ 85020-8826

JP Morgan Chase Bank, N.A.
Solomon, Grindle, Silverman & Wintringer
c/o Timothy J. Silverman
12651 High Bluff Drive, Suite 300
San Diego, CA 92130-2023

Jacek Terpinsky
1194 Huron Road
North Brunswick, NJ 08902

James M. Landon
125 Cove Court
Roseville, CA 95747

Joseph Hiura
612 Milwood Ave.
Venice, CA 90291-3863

Kinecta FCU
P.O. Box 172
Manhattan Beach, CA 90267

DEBTOR'S CHAPTER 11 PLAN

LAW OFFICES
Susana B. Tolchard

17

## SECTION II SERVED VIA US MAIL continued

Los Angeles County Treasurer and Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

Mercedes-Benz Financial Services USA LLC
P.O. Box 9001683
Louisville, KY 40290

One West Bank
Randall S. Miller & Associates, P.C.
43252 Woodward Ave., Ste 180
Bloomfield Hills, MI 48302

Raphael Hollinger
1332 Amherst Ave.
Los Angeles, CA 90025

Richard Rogg
c/o PLM Lender Services, Inc.
46 N. Second Street
Campbell, CA 95008

Thunderbird Property Owners Assoc.
Desert Resort Management
P.O. Box 14387
Palm Desert, CA 92255

Wells Fargo Bank
Home Equity Group
P.O. Box 13765 R4057-01
Roanoke, VA 24037-3765

Wells Fargo Bank, N.A.
c/o Wells Fargo Card Services
Recovery Department
P.O. Box 9210
Des Moines, IA 50306-9210

Zion Bank
P..O. 26304
Salt Lake City, UT 84125

Zions First National Bank
c/o Parkinson Phinney
400 Capitol Mall, 11th Floor
Sacramento, CA 95814

**OTHER INTERESTED PARTIES**

Securities and Exchange Commission
5670 Wilshire Ave. 11th Floor
Los Angeles, CA 90036-5627

LAW OFFICES
Susann B. Tolchard

DEBTOR'S CHAPTER 11 PLAN