BARRY R. GORE, ESQ. SBN 143278
ANTHONY J. ROTHMAN, ESQ. SBN 143546
SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
A Professional Law Corporation
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone: (310) 542-0111
Facsimile: (310) 214-7254

Bankruptcy Counsel to Secured Creditor
Bay Area Financial Corporation

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SUZANNE FRANK GERBASI,<br><br>Debtor and Debtor in Possession. | Case No. 2:10-bk-64548-PC<br><br>Chapter 11<br><br>**DECLARATION OF PAUL HORVITZ IN SUPPORT OF OBJECTION OF BAY AREA FINANCIAL CORPORATION TO DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Date: October 12, 2011<br>Time: 9:30 a.m.<br>Place: 255 E. Temple Street<br>       Courtroom 1539<br>       Los Angeles, CA 90012 |

## DECLARATION OF PAUL HORVITZ

I, Paul Horvitz, declare as follows:

1. I am over 18 years of age, and I have personal knowledge of the following, or have gained such knowledge from my review of the records of Bay Area Financial Corporation ("Bay Area"), which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2. I submit this declaration in support of the Objection Of Bay Area Financial Corporation To Debtor's First Amended Chapter 11 Plan of Reorganization.

3. I am President of Dominion Mortgage, a mortgage lender that makes loans secured by single family residences, multi-unit residential properties that are 2-4 units and we provide commercial mortgages nationwide on retail, industrial, and single tenant properties. Dominion Mortgage originated approximately $550,000,000 in loan value in 2010. Attached hereto as Exhibit A is my Curriculum Vitae, which is incorporated herein by reference.

4. I have worked in the mortgage lending business for more than 40 years as a mortgage lender for both residential, commercial properties, which were similar to the real property located at 1422 Abbott Kinney Blvd., Venice, California 90291 (the "Property"), through the many years that we have provided mortgages, we have made many commercial mortgages in the Westside area including the areas near the subject property.

5. I understand that the Los Angeles Assessor's record on the Property indicates the Property is a commercial property with a building space of 2,688 square feet.

6. I understand from Bay Area that the Debtor's real estate brokerage corporation ("Company") leases the space from the Debtor, the Property is a single tenant property, the Debtor through counsel advised Bay Area that the Company has not signed a written lease with the Debtor, and the Debtor contends that the Company is required to pay the Debtor the mortgage principal and interest and property taxes and insurance.

7.  I understand that the Debtor contends that the Property is worth $1,600,000 and the parties are using this amount for purposes of analysis but Bay Area reserves its rights with respect to the value of the Property, and the loans secured by the Property are Zion Bank's first deed of trust for $967,321.74 (based on the lender's proof of claim number 8), Bay Area's claim of approximately $501,000 for the second deed of trust, and $150,000 for the third trust deed (from the Debtor's schedules). With these dollar amounts, the Debtor has no equity in the Property above the secured loans.

8.  I have also reviewed the Declaration Of Eric Forster In Support Of Confirmation Of First Amended Plan Of Reorganization [Docket No. 85] ("Forster Declaration") and, though it was not included with the Forster Declaration, I have also reviewed the "CV" that was supposed to be an exhibit to the Forster Declaration but was separately provided by the Debtor's counsel to Bay Area's counsel. While Mr. Forster's CV indicates broad and long time experience, it does not indicate that he is currently working as a mortgage broker or working for a lender that is actually making loans on properties such as the Property.

9.  I have also reviewed the Debtor's statement in her declaration in support of her plan that "I also operate a business named Abbot Kinney Real Estate, which is my wholly owned corporation engaged in the business of real estate sales. Through Abbot Kinney Real Estate, I employ approximately 50 real estate agents. I have been extremely successful in the past; however times are slow for real estate agents as is well known. My corporation is the tenant of the Abbot Kinney Blvd. commercial property."

10. In the Forster Declaration, Mr. Forster developed the proposed rate of interest of 6% by starting with the Prime Rate of 3.25% and adding 2.75% to compensate for the risk of this loan. I strongly disagree with these figures for the following reasons as well as the additional reasons discussed in detail below:

   a. The loans identified in the Forster Declaration are bank loans, but banks are not actively making loans secured by commercial properties on these – or

any – terms. If such loans are made, they are rarely made, based on my experience, and not in a situation such as this, as explained below.

b. Banks would make these loans as an accommodation to their very best customers who have large amounts of money on deposit with the bank. A lender would require a written agreement with the Property's tenant that ran for the term of the loan.

c. A lender would review the financials of the tenant (especially the sole tenant of a single tenant property) and probably decline under any terms.

d. Mr. Forster does not state what the length of the term for such a loan would be and does not describe any of the other conditions that a lender would place on such a loan. My company, Dominion, does business with two of the banks mentioned by Mr. Foster as being lenders who do second trust deeds on commercial properties. Bank of the West is not making second trust deeds on commercial properties except as an accommodation to their very best customers and I are not aware of any of those loans being made this year. Dominion also does business with Farmers & Merchants Bank in Long Beach. They specifically only make first trust deed loans and with advance rates of not over 50% of the value. The third bank, Santa Cruz County Bank, we do not do business with but I cannot imagine they are making loans in Los Angeles County and certainly not 6% second trust deeds.

11. Based on my experience actually working in the real estate finance industry determining whether or not to make loans, I do not believe that the Debtor could obtain a loan from a bank, hard money lender, or other arm's length lender in this situation because those lenders currently would require that the total of the loans secured by such a property be no more than 50% of the fair market value of the property. Here, the Debtor and the Property clearly would not qualify on any basis because the Debtor has no equity in the

4

Declaration of Paul Horvitz in support of Objection of Bay Area Financial Corporation To
Debtor's Chapter 11 Plan

Property and has a poor credit history, and insufficient income to support the loan, and her own Company is the sole tenant in the Property.

12. However, I understand that even if a market for a loan is not available, the Bankruptcy Court will estimate what the terms of a loan would be in this situation. Based on my experience and the current market conditions, in my opinion, the terms for such a loan would be the following:

    a. An interest rate of 12% because of the value, credit and income of the Borrower;

    b. A term of 1 year with the requirement that the Property be placed on the market immediately and marketed for sale in good faith;

    c. 25 years amortized, due in one year.

13. If I were to approximate an interest rate by starting with an index rate, such as the Prime Rate, and adding a factor to compensate for the risk of this loan, I would add to the Prime Rate of 3.25% the following increase to reflect risk with a commercial real estate property with a single tenant owned by the borrower that has not signed a written lease (as opposed to the loan secured by a truck in the *Till* case mentioned in the Forster Declaration):

    a. 8 - 9% above the Prime Rate because the Debtor has no equity in the Property above the secured loans and with costs of sale of just 7% ($112,000), there is little equity (approximately $20,000) above Bay Area's loan, and loans on similar properties require that a loan on a property be no more than 50% of the fair market value of the loan, there is insufficient

///
///
///
///
///

income to support the loan, and the Debtor is a debtor in bankruptcy and showed her willingness to default on paying the loan that Bay Area made to her.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on September 27, 2011, at Los Angeles, California.

*/s/ Paul Horvitz*
Paul Horvitz

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as **DECLARATION OF PAUL HORVITZ IN SUPPORT OF OBJECTION OF BAY AREA FINANCIAL CORPORATION TO DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 28, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See attached service list**

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **September 28, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See attached service list**

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 28, 2011 | Brenda L. Campos | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

### SECTION I
### SERVED VIA NEF

**UNITED STATES TRUSTEE (LA)**
Ustpregion16.la.ecf@usdoj.gov

**DEBTORS COUNSEL**
Susana B. Tolchard        Susana@tolchardlaw.com

**Attorney for Creditor Bay Area Financial Corp.**
Barry R. Gore   bgore@scckg.com

**Other Parties Served via NEF**
John P. Byrne              john.bryne@byrnelaw.biz
Christopher Hoo            choo@millerlaw.biz
Randall P. Mroczynski      randym@cookseylaw.com
Donna T. Parkinson         donna@parkinsonphinney.com
M Johnathan Hayes          jhayes@polarisnet.net
Margaret E. Garms          Margaret@parkinsonphinney.com
Kenneth G. Lau             Kenneth.g.lau@usdoj.gov
Queenie K. Ng              queenie.k.ng@usdoj.gov
Lora Osborne               lora.l.osborne@wellsfargo.com
Timothy J. Silverman       tim@sgsslaw.com
Benjamin H Adams  ecfcacb@piteduncan.com

### SECTION II
### SERVED VIA US MAIL

**JUDGE**
Honorable Peter Carroll
255 E. Temple St., Suite 1534
Los Angeles, CA 90012

**DEBTORS COUNSEL**
Susana B. Tolchard
Law Office of Susana B. Tolchard
25852 McBean Parkway #209
Valencia, CA 91355

**DEBTOR**
Suzanne Frank Gerbasi
1615 Crescent Pl.
Venice, CA 90291

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                        F 9013-3.1.PROOF.SERVICE